[No. 4084.]

# CHARLES McLAUGHLIN *v.* WM. R. POWELL.

Grant of Lands to Central Pacific Railroad Company of California.—
The Court assumes, for the purposes of a decision, that lands containing
cinnabar or quicksilver are mineral lands, within the meaning of the act
of Congress passed July 1, 1862, granting lands to the Western Pacific
Railroad Company of California to aid in the construction of a railroad.

Patent to Railroad Lands as Evidence.—A patent to the Western Pacific
Railroad Company of California, of land granted to said company by
Congress to aid in building its railroad, is *relevant* evidence tending to
prove the title of the company to the land granted, in an action of eject-
ment brought by the company or its grantee, without *first* proving that
the land is not mineral.

Ejectment to Recover Railroad Lands. — The question not decided,
whether the plaintiff in ejectment, who relies on a patent to the Western
Pacific Railroad Company, must prove that the demanded premises are
not mineral lands, or are not within the exceptions contained in the
grant.

Evidence in Action to Recover Railroad Lands.—If the plaintiff, in
ejectment, relies on a patent to the Western Pacific Railroad Company
of California, for land granted to aid in the construction of its railroad,
which patent excepts from the transfer all mineral lands, the defendant
may prove that the demanded premises are mineral lands.

Exception in Patent.—A patent to the Western Pacific Railroad Company
which excepts from the transfer "all mineral lands, should any be
found to exist in the tracts described," does not convey lands which are
mineral.

Idem.—The fact cannot be assumed that all the lands described in such
patent are mineral lands, as the exception does not necessarily extend
to all the tracts granted.

Appeal from the District Court, Fifteenth Judicial Dis-
trict, County of Contra Costa.

Ejectment to recover the northeast quarter of section 29,
township number one north, of range number one east,
Mount Diablo base and meridian.

The defendant, in his answer, set up that the plaintiff
claimed the land under the grant made to the Central Pa-
cific Railroad Company of California, and that the land was
mineral land, and was, by the express terms of the grant,
excepted from the operation of the same. On the trial the
plaintiff offered in evidence a patent from the United States
to the Western Pacific Railroad Company of California,
dated May 31, 1870, conveying the demanded premises as a

portion of the land granted by Congress to aid in the construction of a railroad, by the act of July 1, 1862, and the act amendatory thereof, passed July 2, 1864. By the terms of said acts the grant was limited to public land which was not mineral land, and which was not sold, reserved, or otherwise disposed of by the United States, and to which a preemption or homestead claim should not have attached at the time the line of said road should be definitely fixed. The following was the granting clause in the patent:

"*Now know ye*, That the United States of America, in consideration of the premises and pursuant to the said act of Congress, have given and granted, and by these presents do give and grant unto the said Western Pacific Railroad Company of California, and to its assigns, the tracts of land selected as aforesaid and described in the foregoing, yet excluding and excepting from the transfer by these presents, "all mineral lands," should any be found to exist in the tracts described in the foregoing; but this exception and exclusion, according to the terms of the statute, shall not be construed to include iron land.

"To have and to hold the said tracts with the appurtenances unto the said Western Pacific Railroad Company of California, and to its assigns forever, with the exclusion and exception as aforesaid."

The defendant objected to the admission of the patent in evidence because it was irrelevant. The court overruled the objection. The plaintiff then deraigned title by mesne conveyances from said company, and rested. The defendant then offered to prove that the land was mineral land, containing large quantities of cinnabar and quicksilver, and that he had held the land as a mining claim since October, 1866, under the rules and regulations and customs of miners in the district where the land was situated. The plaintiff objected to the testimony as irrelevant, and the court sustained the objection.

The plaintiff recovered judgment, and the defendant appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*James B. Townsend*, for the Appellant.

The patent, as well as the acts of Congress, in the granting clauses thereof, and not by way of proviso thereto, in express terms "exclude and except" therefrom "all mineral lands."

The title to no "mineral" land, therefore, passed to or was, by said patent, ever vested in said Western Pacific Railroad Company.

"Exceptions in deeds and writings keep the things from passing thereby, being a saving out of the deed as if the same had not been granted," etc. (1 Tomlin's Law Dic. 694.)

"An exception is a clause of a deed whereby the feoffor, donor, grantor, lessor, etc., doth except somewhat out of that which he had granted before by the deed. * * * And hereby the thing excepted is exempted, and doth not pass by the grant, neither is it parcel of the thing granted," etc. (1 Shep. Touch. 77.)

It is clear, therefore, that until the plaintiff had given at least *prima facie* evidence that the land sued for was not "mineral" land, he had not shown that the title thereto had ever passed, either by said acts of Congress or said patent, to the Western Pacific Railroad Company, or that it had ever, by his mesne conveyances, become vested in him.

The rule upon this point is, that the party who, if the pleading were special, would have to aver the fact in question in order to make his pleading good, must prove it, according to the maxim, "*ei incumbit probatio qui dicit, non qui negat.*" (1 Chit. Plead. 223, 309; 1 Phil. Ev. 809, 810.)

If the burden of proof that the land sued for was not "mineral" land had not been on the plaintiff, the defendant, unquestionably, had the right to prove that fact, and thereby to show that the plaintiff had no title to said land, and in that way defeat the present action; and the court below consequently erred in refusing to allow said defendant to make such proof.

In the case of *Railroad Company* v. *Smith* (9 Wallace, 98–

100) the Supreme Court of the United States seems to have substantially decided this question. (*People* v. *Stratton*, 25 Cal. 242; *Kernan* v. *Griffith*, 27 Cal. 87, 91; *Robinson* v. *Forrest*, 29 Cal. 317; *Read* v. *Caruthers*, 47 Cal. 181.)

*Tully R. Wise*, for the Respondent.

If the appellant could call upon us at all to defend our patent, we would cite authorities as to the interpretations of exceptions and reservations. But as we contend that he had no right to question our patent at all, he cannot put us to that much trouble, and we decline to do so.

But appellant says that the case of *Railroad Co.* v. *Smith* (9 Wallace, 98), allowed a patent to be questioned. So it does, by a party connecting himself with the title of the government, as was the case there.

If a State sells land to which it has no title, the defendant can show a title in the United States. This may be allowed, although Judge Sawyer, in *Patterson* v. *Lynch* (Circuit Court), held that the patent proved the character of the land as well as conveyance. And this I think the better opinion. But in a case where the United States has all the title, and it is a question whether her officers have done their duty, the rule is entirely different. There the regularity of proceedings and correctness of action cannot be attacked.

By the Court, McKinstry, J.:

It was not suggested at the argument that lands valuable because of cinnabar or quicksilver ores, are not "mineral lands" within the meaning of the act of Congress, and we shall assume that they are.

The defendant's objection to the patent, that it was "irrelevant," was properly overruled. It is not necessary to decide whether it was for the plaintiff, who relied on the patent, to prove that the land in controversy was not one of the excepted tracts, because an examination of the record shows us no motion for *nonsuit* was made.

The court below refused to permit the defendant to introduce evidence tending to prove that the land, the possession

of which is sued for, was within the exception. If the plaintiff was not required to prove that the land was not within the exception, we are convinced that the defendant was entitled affirmatively to establish that it was within it.

The exception contained in the patent, introduced by the plaintiff, is part of the description, and is equivalent to an exception of all the subdivisions of land mentioned, which were "mineral" lands. In other words, the patent grants all of the tracts [named in it which are not mineral lands. If all are mineral lands, it may be that the exception is void; but the fact cannot be assumed, as by its terms the exception is limited to such as are mineral lands, and does not necessarily extend to all the tracts granted.

We think the defendant should have been allowed to prove that the demanded premises were mineral lands.

Judgment and order reversed, and cause remanded for a new trial.