[No. 12090.    In Bank. — February 29, 1888.]

CHICAGO QUARTZ MINING COMPANY, RESPONDENT, *v.* JOHN OLIVER, APPELLANT.

GRANT TO CENTRAL PACIFIC RAILROAD — MINERAL LANDS NOT INCLUDED — CONCLUSIVENESS OF PATENT — EVIDENCE OF CHARACTER OF LAND. — A patent issued by the United States government to the Central Pacific Railroad Company, for land included within the boundaries of the grant made to it by the act of Congress of July 1, 1862, and the amendatory act of July 2, 1864, is not conclusive evidence that the land covered by the patent is non-mineral in character; and a person claiming the land under a subsequent mining patent, in an action by him to quiet his title against a grantee of the railroad company, may show that the land is mineral, and therefore excepted from the operation of the grant to the company, and upon such showing being made, is entitled to have his title quieted.

APPEAL from a judgment of the superior court of Nevada County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Gaylord & Searls, William Singer, Jr.,* and *H. V. Reardan,* for Appellant.

The acts of Congress of July 1, 1862, and the amendatory act of July 2, 1864, constitute a grant *in præsenti* to the railroad company. (*Van Wyck* v. *Knevals,* 106 U. S. 360; *Southern Pac. R. R. Co.* v. *Dull,* 10 Saw. 506.) The acts of Congress except mineral land from their operation; and before a patent can issue to the railroad company, there must be a determination by some power, duly authorized, as to the character of the land sought to patented. This is a question of fact to be determined by the land officers, and when determined and not appealed from is conclusive. (*Johnson* v. *Towsley,* 13 Wall. 72; *Moore* v. *Robbins,* 96 U. S. 530; *Quinby* v. *Conlan,* 104 U. S. 420; *Kentfield* v. *Hayes,* 57 Cal. 409; *Ferry* v. *Street,* 11 Pac. Rep. 571; *Steel* v. *Smelting Co.,* 106 U. S. 447; *Smelting Co.* v. *Kemp,* 104 U. S. 640; *Vance* v. *Burbank,* 101 U. S. 514; *Central Pac. R. R. Co.* v. *Leavenworth,* Cal. Sup. Ct., Dec. 5, 1878; *Cowell* v. *Lammers,* 10 Saw. 246.)

*A. Burrows,* for Respondent.

The patent issued to the railroad company is not conclusive as to the character of the land. The land being mineral did not pass by the defendant's patent, and evidence of its mineral character is admissible. (*McLaughlin* v. *Powell,* 50 Cal. 64; *Alford* v. *Barnum,* 45 Cal. 483; *United States* v. *Minor,* 114 U. S. 233; *Deffeback* v. *Hawke,* 115 U. S. 400; *Leavenworth* v. *United States,* 92 U. S. 735; *Morrow* v. *Whitney,* 95 U. S. 551; *Railroad Co.* v. *Smith,* 9 Wall. 98; *United States* v. *Stone,* 2 Wall. 525; *Stoddard* v. *Chambers,* 2 How. 284; *Reichart* v. *Felps,* 6 Wall. 160; *Best* v. *Polk,* 18 Wall. 112.)

SHARPSTEIN, J. — This is an action to quiet title. The plaintiff claims under a mining patent issued August 16, 1883; defendant under a patent issued to the Central Pacific Railroad Company, dated April 18, 1870.

The only question is, whether the title to the premises in controversy vested in the railroad company under the act of Congress entitled "An act to aid in the construction of a railroad and telegraph line from the Missouri River to the Pacific Ocean," etc., approved July 1, 1862, and the act amendatory thereof, approved July 2, 1864.

The land is within the boundaries of one of the sections covered by that grant, and if not reserved or excepted from it, undoubtedly vested in the railroad company. So that the question is, Was the land reserved or excepted from the grant to the railroad company?

In the original act there is a proviso that all mineral lands shall be excepted from its operation, and in the amendatory act that the grant shall not include any mineral lands. And the Revised Statutes provide that "no act passed at the first session of the thirty-eighth Congress granting lands to states or corporations, to aid in the construction of roads or for other purposes, or to extend the time of grants made prior to the thirtieth day of January, 1865, shall be so construed as to embrace mineral lands, which in all cases are reserved exclusively to the United States, unless otherwise officially provided in the act or acts making the grant." (U. S. Rev. Stats., sec. 2346.)

The patent under which defendant claims contains this clause:—

"Excluding and excepting from the transfer by these presents 'all mineral lands,' should any be found to exist in the tracts described in the foregoing."

The court found "that all the land described in said complaint as the Chicago quartz mine is valuable gold-bearing mineral land, and has been notoriously known and frequently worked as such ever since 1861."

This finding is justified by the evidence, and is not assailed by appellant. But while conceding the fact to be as found, he contends that the title to the land, never-

theless, vested by the patent in the railroad company. As stated by appellant's counsel, his contention is, that "mineral land did not pass by the grant [to the railroad company], and the officers of the land department had no authority to designate by the patent any land which was mineral in character. The law required them to designate only such land as was non-mineral in character, and the issuance of the patent under the law, aided by the presumption which the law attaches to the performance of all official acts, was a conclusive determination that the land designated in the patent was non-mineral, and the reservation in the patent was meaningless."

The act of Congress making the grant does not in express terms require any officer or officers of the government to identify and exclude from the patent mineral lands lying within the alternate sections granted to aid in the construction of the road. In the original act all mineral lands are expressly excepted from its operation, and in the amendatory act it is enacted that the grant shall not include mineral lands, or any lands returned and denominated as mineral lands. "Whatever is included in the exception is excluded from the grant; and it therefore often becomes important to ascertain what is excepted in order to determine what is granted." (*Leavenworth etc. R. R. Co.* v. *United States*, 92 U. S. 733.)

It is not claimed that the officers on whom was devolved the duty of issuing patents for the lands granted could add anything to the grant. But it is claimed the patent is conclusive evidence that the grant included all the land covered by the patent. The supreme court of the United States has said: "A patent may be collaterally impeached in any action, and its operation as a conveyance defeated, by showing that it had no jurisdiction to dispose of the lands; that is, that the law did not provide for selling them, or that they had been reserved for sale or dedicated to special purposes, or had been previously transferred to others." (*Smelting Co.* v.

*Kemp*, 104 U. S. 636.) This is quoted approvingly in the opinion of the court, delivered by Field, J., in *Wright* v. *Roseberry*, 121 U. S. 488.

In *McLaughlin* v. *Powell*, 50 Cal. 64, the plaintiff in ejectment introduced a patent to the Western Pacific Railroad Company, from which he deraigned title to the demanded premises, similar to that relied on by appellant in this case, and rested. "The defendant then offered to prove that the land was mineral land, containing large quantities of cinnibar and quicksilver, and that he had held the land as a mining claim since October, 1866, under the rules and regulations and customs of miners in the district where the land was situated. The plaintiff objected to the testimony as irrelevant, and the court sustained the objection. The plaintiff recovered judgment, and the defendant appealed from the judgment, and from an order denying a motion for a new trial." This court said: "The exception contained in the patent, introduced by the plaintiff, is part of the description, and is equivalent to an exception of all the subdivisions of land mentioned which were 'mineral' lands. In other words, the patent grants all of the tracts named in it which are not mineral lands. . . . . We think the defendant should have been allowed to prove that the demanded premises were mineral lands."

The judgment and order were reversed.

The doctrine laid down in that case, if applied to the case now in hand, is decisive of it. And we think it in harmony with the cases decided by the supreme court of the United States. It has not been overruled in any reported case in this state, although it is claimed to have been in the unreported case of *Central Pacific Railroad Company* v. *Leavenworth*. No opinion was filed in that case, and we are unable to determine from the record that this question was passed on in that case.

Those portions of finding 3 which are alleged to be unsupported by the evidence are, in our opinion, immaterial. It is therefore unnecessary to determine whether

the evidence is sufficient to justify them. The material facts found are supported by the evidence.

Judgment and order affirmed.

TEMPLE, J., PATERSON, J., McKINSTRY, J., and THORNTON, J., concurred.

McFARLAND, J., and SEARLS, C. J., dissented.