[No. 6187.]

# CITY AND COUNTY OF SAN FRANCISCO v. ELLIS
## ET AL.

SAN FRANCISCO—STATUTE, CONSTRUCTION OF—VARIANCE.—The Act of March 27th, 1874, (Stats. 1873–4, p. 711,) authorizing and requiring the Board of Supervisors of the plaintiff to sell at public auction all of Channel Street and Mission Creek, except so much thereof as might be required for a street and sewer, and providing that the deed of the mayor to the purchaser of any lot, should vest the title in such purchaser, did not operate as a grant to the plaintiff.

SAME—QUIET TITLE, ACTION TO.—In an action by the plaintiff to quiet title to a portion of the said land, against one claiming under a deed, subsequent to the act, from the Board of Tide Land Commissioners—the complaint alleging that the plaintiff was seized of the land: *Held*, that the action could not be maintained, for want of title in the plaintiff, and that it was, therefore, unnecessary to examine the title of defendant.

APPEAL from a judgment for the defendant, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

By the Act of March 27th, 1874, the Board of Supervisors of the City and County of San Francisco were authorized and empowered to receive and accept from the owners or claimants of lots lying contiguous to Channel Street and Mission Street, from Ninth to Eighteenth Streets, deeds of a tract of land, not less than fifty feet in width, for the construction of a sewer and for a street; and also to acquire by purchase, or to condemn such lots. Channel Street and Mission Creek were salt marsh and tide lands, and at the date of the act, the property of the State. The Board of Supervisors were also authorized and required, under such rules as they might prescribe, to sell at public auction all of said Channel Street and Mission Creek, except such as might be required for the purposes of the sewer and street provided for in the act; and it was provided that a deed from the mayor of said city and county, executed to the purchaser of any lot, should vest the title of such lot in such purchaser, and that the proceeds of the sales should be paid into the general fund of the treasury of said city and county. Afterward, the Board of Tide Land Commissioners, under the

Act of March 30th, 1868, executed a deed of the land to defendant Ellis..

This action was brought to have the deed to Ellis adjudged null and void.

*W. C. Burnett*, for Appellant.

The Act of March 27th, 1874, operated as a grant to the plaintiff. The State parted with, and the plaintiff acquired, the sole control and use forever, and these elements constitute a perfect grant. To entitle the plaintiff to maintain this action, however, it is only necessary that she have an estate or interest in the land. It is not necessary that she have the fee. (Code Civ. Proc. § 738.) Should the Court deem that the plaintiff has only the right of possession, with finally the right to sell for her purposes, and that the legal title is to remain in the State until a sale under the act, it would still be its duty to determine and protect that interest by a decree.

*Walter Van Dyke*, *Philip G. Galpin*, and *G. W. Tyler*, for Respondents.

In this action, it is not necessary to consider the defendant's title. The only question is, did the fee of the land pass from the State to the city? If not, the plaintiff cannot recover, whether the defendants have any title or not. It is clear that the Legislature did not intend to grant the land to the city, from the fact that the statute contains no word or term usually employed for that purpose. (Code Civ. Proc. § 1858.) No title or interest in the lands passed to the plaintiff under this act.

By the COURT:

It is not necessary to decide whether the lands described in the complaint were withdrawn from disposition (by the Board of Tide Land Commissioners) by the first section of the Act of April 1st, 1872, (Stats. 1871–2, p. 926) or whether the plaintiff acquired an easement to drain into the " open canal " provided for in this act. Nor is it necessary to determine what

rights, if any, the defendants have acquired in the lands. The only right of plaintiff alleged is set forth in the complaint as follows:

" Plaintiff further states, according to information and belief, that ever since the 27th day of March, A. D. 1874, the plaintiff has been and is seized in fee simple and the owner of all those certain lots, pieces, or parcels of land situate, lying, and being within the City and County of San Francisco, State of California, and respectively bounded and described as follows: "   *   *

This averment was not sustained by the evidence. We agree with the Court below that the Act of March 27th, 1874, (Stats. 1873–4, p. 711) did not operate a grant of the premises to plaintiff.

Judgment and order affirmed. Remittitur forthwith.