[No. 6,786—In Bank.]

## W. B. CARR v. JOHN QUIGLEY.

PUBLIC LAND—PATENT.—A patent, issued to the Western Pacific Railroad Company, under the Act of July 2nd, 1864, for land within the limits of a Mexican grant *sub judice* at the date of the withdrawal of the lands, is void, and may be attacked collaterally.

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the Third District Court, County of Alameda. McKEE, J.

*Michael Mullany*, for Appellant.

The patent, on its face, says that reserved lands did not pass under the act, and this was the plaintiff's own evidence.

*William Irvine*, for Respondent.

The action of the land department under the act of Congress, and the issuance of the patent, is conclusive on the defendant in this action. ( *Weaver* v. *Fairchild*, 50 Cal. 360 ; *French* v. *Fyan*, 3 Otto, 169 ; *Miller* v. *Dale*, 44 Cal. 562 ; *Johnson* v. *Towsley*, 13 Wall. 72 ; *Hosmer* v. *Wallace*, 47 Cal. 461 ; *Shipley* v. *Cowen*, 1 Otto, 330–340 ; *Moore* v. *Robbins*, 6 id. 530.)

Ever since the decision of the Supreme Court, in *Doll* v. *Meador*, 16 Cal. 295, it has been settled law in this State, that if a patent be void on its face, it may be assailed at any time, and in all cases, for it is itself record evidence of the matter which renders it a nullity. If it be issued in the absence of legislation directing a disposition of the property described, or by an officer who is not invested with the power to sign the same, or for an estate prohibited, its validity may be controverted in any action, either directly or collaterally ; but if the authority to issue the patent depends upon the existence of particular facts in reference to the condition, or location of the property, or the performance of certain antecedent acts, and officers have been appointed for the ascertainment of these matters in advance, who have passed upon them, and given their judgment, then the patent, though the judgment of the officers be in fact erroneous, cannot be attacked collaterally by parties showing title subsequently derived from the same source.

The appeal was first heard in Department One, and the following judgment was made :

The COURT:

Ejectment. Plaintiff deraigned from the Western Pacific Railroad Company. Defendant offered to prove that the lands in controversy were, at the time when the lands along the line of the road were withdrawn from pre-emption, private entry and sale, within the limits of a Mexican grant then *sub judice*, and therefore within a " Government reservation," as that expression is used in the Act of Congress of 1864. (13 Stats. 358.) We think the Court below erred in sustaining the objection to this proof. If the land was within a reservation, it did not pass by the patent to the railroad company. It was so held in *Newhall* v. *Sanger*, 92 U. S. 761. In effect, the officers of the Government were expressly prohibited from issuing to the company a patent purporting to convey the lands thus reserved. The case comes within the doctrine laid down in *Doll* v. *Meador*, 16 Cal. 295, and the cases subsequently recognizing the authority of that case. The validity of a patent purporting to grant lands which the officers of the Government have no authority, under any circumstances, to convey, may be controverted in any action, directly or collaterally. The patent is *void*, and a defendant in an action of ejectment may prove the facts showing its invalidity.

Judgment and order reversed, and cause remanded for a new trial.

Subsequently, on petition for rehearing, the following order was made by the Court in Bank.

The COURT :

The rehearing is denied. The decision comes within the rule laid down in *McLaughlin* v. *Powell*, 50 Cal. 64.