67  67
83  107
67  67
85  186

[No. 8333.    Department One. — May 25, 1885.]

# THE SOUTHERN PACIFIC RAILROAD COMPANY OF CALIFORNIA, Respondent, v. DANIEL Mc-CUSKER et al. THOMAS WALKER, Appellant.

**Grant by Congress—Patent—Swamp Land—Action to Quiet Title.—**In an action to quiet title based upon a patent purporting to have been issued in pursuance of the grant by Congress to the Southern Pacific Railroad Company, the defendant may show that the land included in the patent was swamp and overflowed land, and therefore excepted from the congressional grant.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order refusing a new trial.

The action was brought to quiet title to certain lands. The plaintiff claimed title under a United States patent issued to it in 1875, in pursuance of the Act of Congress of July 27, 1866, and resolution of June 28, 1870. The defendants claimed under a patent from the State of California for swamp and overflowed lands, dated and issued in 1868. The land in controversy was and always had been swamp and overflowed land, within the meaning of the Act of Congress of September 28, 1850.

*A. S. Kittridge,* for Appellant.

The land in controversy, being swamp and overflowed, was exempt from the operation of plaintiff's patent. The government officials had no authority to convey the same, consequently as to such lands the patent was void and open to collateral attack. (*St. Louis S. & R. Co.* v. *Kemp*, 104 U. S. 636; *McLaughlin* v. *Powell*, 50 Cal. 64; *Carr* v. *Quigley*, 57 Cal. 394; *McLaughlin* v. *Heid*, 63 Cal. 208; *Kile* v. *Tubbs*, 23 Cal. 441; *Sutton* v. *Fassett*, 51 Cal. 12.) The Act of Congress of Septem-

ber 28, 1850, was a present grant of all swamp and overflowed land within the States to the State, and thereby conveyed to it the whole beneficial estate in them to the exclusion of the United States. (*People* v. *Morrill*, 26 Cal. 336; *Kernan* v. *Griffith*, 27 Cal. 87; *Robinson* v. *Forrest*, 29 Cal. 317; *Pratt* v. *Crane*, 58 Cal. 533; *Kile* v. *Tubbs*, 59 Cal. 191.)

*Wright & Cormac,* and *John A. Wright,* for Respondent.

The patent to plaintiff could not be collaterally impeached by evidence that the land was swamp and overflowed. (*French* v. *Fyan,* 93 U. S. 171; *Polk's Lessees* v. *Wendall,* 9 Cranch, 98; *Cooper* v. *Roberts,* 18 How. 176; *U. S.* v. *Stone,* 2 Wall. 525; *Gibson* v. *Chouteau,* 13 Wall. 92; *Johnson* v. *Towsley,* 13 Wall. 72; *Moore* v. *Robbins,* 96 U. S. 533; *Foster* v. *Mora,* 98 U. S. 425; *Yount* v. *Howell,* 14 Cal. 466; *Doll* v. *Meador,* 16 Cal. 295; *Leese* v. *Clark,* 18 Cal. 573.)

Ross, J. — If in an action of ejectment based on a patent purporting to have been issued in pursuance of the grant by Congress to the railroad company, it is competent for the defendant to attack the validity of the patent on the ground that the land embraced in it was included within the exterior limits of a tract of land claimed as a Mexican grant, and therefore excepted from the congressional grant, as was held by a majority of this court in *McLaughlin* v. *Heid,* 63 Cal. 208, it is competent in an action to quiet title based on a similar patent for the defendant to show that the land included in it was swamp and overflowed land, and therefore excepted from the congressional grant. In the case at bar it was admitted by the respective parties that over one half of each governmental subdivision of the land in controversy was and always has been swamp and overflowed land, and thereby rendered unfit for cultivation. The case of *McLaughlin* v. *Heid* is binding on us, and on the authority of that case we must reverse the judgment and order of the court below.

Judgment and order reversed and cause remanded for a new trial.

McKinstry, J., concurred in the judgment.

McKee, J., concurred.