[No. 11747. In Bank. — October 23, 1888.]

BENJAMIN L. BURLING, ADMINISTRATOR, RESPOND-
ENT, v. DANIEL D. THOMPKINS, APPELLANT.

EJECTMENT — PLEADING BY ADMINISTRATOR — DEMURRER FOR AMBIGUITY.
— When a complaint in ejectment by an administrator contains no alle-
gations as to his representative capacity, the use of words in the title
of the cause showing his official capacity without the word "as" will be
regarded as mere *descriptio personæ,* and will create no uncertainty or
ambiguity. The allegations of the complaint show whether the action is
brought by or against a person *en autre droit.*

PATENT FOR LIEU LANDS — HOMESTEAD CLAIM — CROSS-COMPLAINT. — Only
one in privity with the paramount title of the United States can attack
collaterally a patent issued for lands listed to the state as in lieu of
school lands; and a cross-complaint in an ejectment suit brought by a
plaintiff claiming under such patent states no ground of relief when it
shows merely that defendant once offered to enter the land under the
homestead laws, and was prevented from prosecuting his homestead
claim at that time by a statement of the register that the land was not
subject to entry under the homestead laws, without showing any excuse
for a failure to appeal from the decision of the register, or for a delay of
fifteen years thereafter in the prosecution of his homestead claim.

ID. — PRE-EMPTION RIGHT. — Under section 2 of the act of Congress of
March 1, 1877, an innocent purchaser for a valuable consideration from
the state of lieu lands, selected by the state, where there is no corre-
sponding sixteenth or thirty-sixth section, has a preferred right to pur-
chase the same from the United States; and when a patent has been
issued by the United States to such land, the patentee is not required to
support it by proof of the circumstances justifying it, but it devolves
upon the party assailing it to allege and prove that under no circum-
stances were the officers of the land department authorized in issuing the
patent to the plaintiff.

ID. — PATENT TO ADMINISTRATOR — TRUST — EJECTMENT — PARTIES. — A
patent issued to an administrator vests the legal title in him, and en-
titles him to recover the premises in his own name in an action of eject-
ment. Whether this legal title is held in trust for others is not a proper
subject of inquiry in such action.

APPEAL from a judgment of the Superior Court of
Santa Cruz County, and from an order refusing a new
trial.

The facts are stated in the opinion of the court.

*W. D. Story,* and *Z. N. Goldsby,* for Appellant.

*Mesick & Maxwell,* for Respondent.

PATERSON, J.—Ejectment. In the title of the cause, the plaintiff is styled "Benjamin Burling, administrator of the estate of William Burling, deceased." The complaint contains no allegations respecting his representative character, being in the ordinary form, alleging ownership and right of possession in the plaintiff. To this complaint the defendant filed a demurrer, which was overruled. The ground of demurrer is, that it cannot be ascertained from the complaint whether the plaintiff is suing as administrator in his representative capacity, or as an individual in his own right.

The words quoted created no uncertainty or ambiguity. If words showing simply the official capacity of the party are added directly to his name in the title of the cause, as in the case at bar, without the word "as," they will be regarded as a mere *descriptio personæ*. The allegations of the complaint show whether the action is brought by or against a person *en autre droit*. (*People* v. *Houghtaling*, 7 Cal. 350; *Ogdensburg Bank* v. *Van Rensselaer*, 6 Hill, 241.)

The answer denies generally and specifically all of the allegations of the complaint, pleads in bar of the cause of action set up in the complaint the provisions of sections 318, 319, and 343 of the Code of Civil Procedure, and for a further answer, equitable defense, and cross-complaint, alleges that prior to the month of August, in the year 1868, one Bennett settled upon the land in controversy, and made valuable improvements thereon, claiming the right to occupy the same as a homestead under the laws of the United States; that while the land was so occupied by Bennett,—February, 1870,—defendant purchased his improvements and possessory right, and immediately moved upon the land, and has continued to occupy the same with his family ever since, claiming and holding the same for the purpose of settlement and cultivation as a homestead under the homestead laws; that the land in controversy was listed to the state of

California as land in lieu of school lands under the laws of the United States, on or about November 15, 1871; that there was no basis for the listing of said land to the state of California, there being no sixteenth or thirty-sixth section in lieu of which the lands in controversy were listed and taken by said state; that in August, 1868, while Bennett was in possession of the land, William Burling made application to purchase the land under the laws of the state, and falsely and fraudulently made affidavit that the land was not occupied by any other person than himself, and that there were no improvements except his own on the land, nor was there any claim to said land adverse to his own; that Burling died in July, 1877; that on the 30th of March, 1878, the heirs of said William Burling, deceased, received a patent for said land from the state of California, which was based upon the false and fraudulent application above referred to; that when said patent was issued, the state had no title to the land, the same having failed by reason of the erroneous and baseless listing above mentioned; that all the right, title, and interest that plaintiff has is derived from and rests upon said pretended patent of the state; that William Burling never occupied the land, nor any part thereof; that in the year 1870, while he was in possession of the land, defendant went to the United States land-office and offered to make the proper application to enter the land under the homestead laws, and to pay the fee required in such cases, but the register of the land-office refused to permit him to make such application, and informed him that the land was not subject to entry under said homestead laws; and that defendant was misled by said statement, and was thereby prevented from prosecuting his homestead claim at that time; that the defendant still continues to claim the land as a homestead, under said homestead laws, and was about to take proper steps to assert and perfect his claim when this action was commenced, and will do so

as soon as possible; that the land now is, and was at the time that this action was commenced, public land of the United States, and subject to entry under the homestead laws, but for the pretended title resting upon said fraudulent application.

The demurrer to this cross-complaint, on the ground that said complaint does not state facts sufficient to constitute any defense, or any cause for affirmative relief, was sustained, and leave given by the court to amend, but no amendment was made.

We think the demurrer was properly sustained. The facts alleged failed to show that defendant is in such privity with the paramount source of title as to authorize him to attack the validity of the patent. The cases are somewhat divergent upon the question as to what constitutes such privity with the title of the United States as will enable a party to attack a patent collaterally, but we think no case can be found—certainly no case has been cited—which extends the privilege so far as it is sought to be exercised herein. The defendant went upon the land in 1870, two years after Burling made his application to purchase from the state. In the same year he made his offer to enter the land under the homestead laws, and pay the fee required in such cases. It is alleged that the register then refused to permit the defendant to make such entry, and informed him that the land was not subject to entry under the homestead laws. This is followed by an allegation that the defendant was misled by said statement, and was thereby prevented from prosecuting his homestead claim *at that time.* There is nothing to show why an application was not made at some subsequent time,—no excuse for the delay of fifteen years which occurred between that date and the time of the commencement of this action.

In all the cases cited by appellant except one,—*Hollingshead* v. *Simms,* 51 Cal. 158,—the parties claiming the

right to attack the validity of the patent had—where it was in their power so to do—filed a declaration in the United States land-office. This, of course, was sufficient to connect them with the paramount source of title. In *Hollingshead* v. *Simms, supra,* the court said: "Nor does Simms seem to have been lacking in diligence in the assertion of his claim." That cannot be said of the defendant herein. In *Kile* v. *Tubbs,* 23 Cal. 443, it appeared that the plats of the United States surveys had not been sent to the land-office. It was, therefore, out of the power of the defendant to file his notice of claim to pre-emption, and the court held that, having done all in his power, the defendant lost no rights acquired under the pre-emption laws.

The defendant does not claim to have any privity with the state. We think that the refusal of the register of the United States land-office to allow him to make proper application, and pay the fee required, does not, under the circumstances, establish any privity with the United States. If the land at the time such offer was made was subject to entry, the refusal of the register to allow him to enter the land could not have prevented him from prosecuting his homestead claim, because the defendant had a remedy by appeal, which would have placed him in privity with the paramount source of title. In support of the propositions discussed, we cite the following authorities: *Moore* v. *Wilkinson,* 13 Cal. 478; *Doll* v. *Meador,* 16 Cal. 295; *Burrell* v. *Haw,* 40 Cal. 373; *Damrell* v. *Meyer,* 40 Cal. 166; *Sacramento S. Bank* v. *Hynes,* 50 Cal. 202; *Thomas* v. *Lawlor,* 53 Cal. 405; *Kentfield* v. *Hayes,* 57 Cal. 411.

Section 2 of the act of Congress of March 1, 1877, provides that "if there be no such sixteenth or thirty-sixth section, and the land surveyed therefor shall be held by an innocent purchaser for a valuable consideration, such purchaser shall be allowed to prove such facts before the proper land-office, and shall be allowed to

purchase the same at $1.25 per acre." Under this provision, conceding that the state patent is void for the reason that the state had no title as alleged by the defendant, the plaintiff had a preferred right to purchase from the United States, unless, after knowledge of the facts, he neglected to furnish the proof and make the payment required by the act. The patent is valid upon its face. It provides that "the United States of America, in consideration of the premises, and in conformity with the *several acts of Congress in such case made and provided,* have granted unto the said Benjamin L. Burling, administrator, and to his successors, the said tract above described." The plaintiff was not called upon to support the validity of his patent with proof of the fact that it had been issued to him—if such be the fact—under the provisions of section 2, *supra.* It devolved upon the defendant to allege and to show that under no circumstances were the officers of the land department authorized in issuing the patent to the plaintiff. Speaking of the power of the land department and the conclusiveness of its patents, Mr. Justice Field, in *Smelting Co.* v. *Kemp,* 104 U. S. 646, said: "The doctrine as to the regularity and validity of its [the land department's] acts, where it has jurisdiction, goes so far that if in any circumstances under existing law a patent would be held valid, it will be presumed that such circumstances existed."

It is contended by the appellant that if the designation of the plaintiff as administrator, etc., in the caption of the complaint, be merely *descriptio personæ,* then the plaintiff, having sued in his individual capacity, is not entitled to recover upon a patent issued to him in his representative capacity. The legal title was vested in Burling by the patent, and entitled him to a recovery in this action. Whether this legal title was held in trust for others is not a proper subject for inquiry in this case. (*Bonds* v. *Hickman,* 32 Cal. 202.)

The matters we have discussed cover all the points made by the appellant under his assignments of errors, and it is, therefore, unnecessary to notice them further. Judgment and order affirmed.

McFARLAND, J., SHARPSTEIN, J., SEARLS, C. J., and THORNTON, J., concurred.