[No. 12957.   In Bank. — August 2, 1889.]

F. McCOMBER, Appellant, *v.* R. M. MILLS, Respondent.

Mortgage — Findings — Evidence. — The evidence reviewed and held to support the findings.

Appeal from a judgment of the Superior Court of San Diego County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Leovy & Humes*, for Appellant.

*M. S. Babcock*, for Respondent.

Gibson, C. — This is an appeal from a judgment foreclosing a mortgage against the defendant, and from an order denying him a new trial.

The only point urged upon this appeal is, that a portion of the eleventh finding of the court below is not supported by the evidence. The defendant by his answer admits the execution and delivery of the notes and mortgage, and the non-payment of the two notes in suit.

The only affirmative defense interposed, other than one based on the alleged sale of the notes by the plaintiff to another person prior to bringing the suit, and that the third and last note had not matured, was, that pursuant to a contract made with and as a part of the mortgage providing for the release of lots from the mortgage on payment of $250 for each lot, not less than two to be released at a time, and in equal numbers on the east and west side of the blocks, he, the defendant, sold eighteen lots, and plaintiff, although requested to release such lots, released but eight, and refused to release the other ten lots. Upon this defense the court found, in the finding assailed by the appellant, that only four "east-side" lots of the ten lots described in defend-

ant's answer, in addition to those released prior to the commencement of the suit, should be released from the mortgage lien. The court also found that the mortgage was given by the defendant to plaintiff on the eighth day of July, 1887, to secure three promissory notes for the sum of $13,750 in the aggregate, with interest, the said amount being the remainder due on the purchase of a portion of the property covered by the mortgage. And at the time of the execution and delivery of the notes and mortgage, and as part of the same transaction, plaintiff and defendant made and reduced to writing, in a paper separate from the notes and mortgage, an agreement, whereby the plaintiff agreed to release from the lien of said mortgage any lots therein described, whenever the defendant might desire to sell any of them, upon the defendant paying to plaintiff the sum of $250 for each lot released, provided as many lots were sold by defendant upon the east side as upon the west side of each block, and not less than the release of two lots demanded at a time. And also found that the first of the three notes was paid, leaving the two others unpaid and $10,779.82 due thereon, including an attorney's fee, as provided for in said notes; that the plaintiff was the owner of the notes, and that the last note had matured at the commencement of the suit.

The only evidence in the statement on motion for a new trial, aside from that of the contract for the release of lots from the mortgage lien and the testimony of two witnesses on the question of attorney's fees, is the testimony of the plaintiff and defendant. The defendant, in substance, testified that he executed the notes and mortgage, and in connection therewith, and as part thereof, he and plaintiff entered into the contract for the release of lots from the mortgage; that he sold eighteen of the lots covered by the mortgage, and requested plaintiff to release ten lots in addition to the eight previously released; and that the only money he ever paid plaintiff

was the amount of the first note; never paid $250, or any other sum, for the release of any particular lot, and did not tell plaintiff what particular lots he wished released under the contract. The plaintiff testified, in substance, that the contract was not entered into at the time of the execution of the notes and mortgage, and was not a part of the same transaction; that the defendant never paid him any money but the amount of the first note, after which he released from the mortgage lien eight lots, at the request of defendant, who did not ask for the release of any other lot or lots until long after the second note matured, and defendant had been asked several times to pay it; that the eight lots were released with the understanding between himself and defendant that the remaining sixty-two lots should remain as security until the full amount secured by the mortgage should be paid.

Thus it appears from the defendant's own testimony that the finding assailed by him is not only supported by the evidence, but more favorable to him than he was entitled to. After he paid the amount of the first note, and obtained the release of eight lots, and resting apparently satisfied for some time without making any demand for the release of any other lots, he was not entitled to the release of any additional lots without paying the price therefor required by the contract, and making a demand for specific lots, not less than two in number, and an equal number on the east and west side of the blocks. We therefore advise that the judgment and order appealed from be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.