[No. 13812.   In Bank. — October 29, 1892.]

CARRIE N. EDWARDS, APPELLANT, *v.* JOSEPH ROLLEY, RESPONDENT.

SWAMP AND OVERFLOWED LAND — BED OF RIVER — VOID PATENT. — The bed of a river through which the water has ceased to flow because of a change in the course of the river is not swamp and overflowed land within the meaning of the act of Congress of September 28, 1850, nor within the meaning of the state statutes allowing such land to be appropriated; and a patent issued therefor, upon an application for its purchase as swamp and overflowed land, is void.

ID. — UNAUTHORIZED STATE PATENT — COLLATERAL ATTACK BY POSSESSOR OF LAND. — A state patent issued for land which the state has no authority to dispose of is void, and may be collaterally attacked in any action, and its operation as a conveyance defeated, by a party in mere possession of the land, though not connected with the source of title.

APPEAL from a judgment of the Superior Court of Humboldt County.

The facts are stated in the opinion.

*J. D. H. Chamberlin,* and *Ernest Sevier,* for Appellant.

The state had the title to the land when the patent was issued. (*Pollard* v. *Hayon,* 3 How. 220; *Martin* v. *Estate of Wardell,* 16 Pet. 413; 3 Kent's Com. 427; *Goodlittle* v. *Pollard,* 9 How. 471; *Doe* v. *Beebe,* 13 How. 25.) The patent was conclusive, and could not be collaterally attacked by the defendant, who was a mere trespasser. (*Moore* v. *Wilkinson,* 13 Cal. 478; *Boggs* v. *Merced M. Co.,* 14 Cal. 361; *Burgess* v. *Gray,* 16 How. 65; *Parmelee* v. *O. & S. R. R. Co.,* 7 Barb. 621; *Ryan* v. *Tomlinson,* 39 Cal. 644; *Fletcher* v. *Mower,* 58 Cal. 424; *Dodge v. Perez,* 2 Saw. 653; *Davidson* v. *Land Co.,* 20 Pac. Rep. 152; *Kentfield* v. *Hays,* 57 Cal. 409; *Dow* v. *Mendor,* 16 Cal. 295; *Waterman* v. *Smith,* 13 Cal. 374; *Yount* v. *Howell,* 14 Cal. 465; *Burgess* v. *Gray,* 16 How. 48; *Cooper* v. *Roberts,* 18 How. 173.)

*Horace L. Smith,* for Respondent.

The state had no lawful authority to sell the land, and the patent therefor is void. (*Doolan* v. *Carr,* 125 U. S. 618; *Cucamonga Fruit Land Co.* v. *Moir,* 83 Cal. 101.) As the patent was inoperative to pass the title, objection to it can be taken at any time and in any form of action, and the defendant, though he has no title except naked possession, can question its validity. (*Cucamonga Fruit L. Co.* v. *Moir,* 83 Cal. 101.)

TEMPLE, C. — Plaintiff appeals from the judgment upon the judgment roll alone.

The action is brought to quiet title, and, the defendant being in possession, is therefore virtually an action to recover possession, sometimes called an action of ejectment.

The defendant denied plaintiff's title, pleaded a former

judgment as a bar, set up title in himself, and also claimed that the plaintiff's right of action was barred by the statute of limitations.

The action was tried without a jury, and the findings seem to state the facts quite fully.

The court found that neither plaintiff nor defendant had title to the demanded premises, and that plaintiff's right was not barred by the judgment pleaded, or by the statute of limitations, and defendant had judgment.

The findings show that on the 28th of September, 1850, and prior thereto, the demanded premises were in the bed of Eel River, a navigable stream; that the land in that township was public land of the United States, and was surveyed by the land department by meandering both banks of the river, thus excluding the bed of the river from the survey.

Defendant was the owner of a tract of land purchased from the state as lieu land, the application to purchase which was made November 22, 1858, at which time Eel River bounded it on the south and west, the land described in the complaint then being the bed of the stream bordering upon these lands. During the winter of 1861–62 the river suddenly changed its course, forming a new channel, and the water ceased to flow in the old channel. Each succeeding freshet brought down sediment, which filled up somewhat the original channel, forming the land in controversy.

One John L. Pixley made application to purchase these lands from the state as swamp and overflowed lands, June 14, 1886, upon which application a patent was issued October 17, 1888. Under this patent plaintiff claims title.

The land in controversy, then, was the bed of a navigable stream until 1861. It was not acquired from the United States as swamp and overflowed land under the act of September 28, 1850. Many sections of the Political Code show plainly that no other lands are included under the designation "swamp and overflowed" in the statutes authorizing the sale of state lands. This land

was not swamp and overflowed land within the meaning of those laws. Nor is there any other statute authorizing the sale of land of this character by the state officers.

It is said, however, that, admitting that the patent was issued in a case not authorized, still it is *prima facie* valid, and raises a presumption that the land had been properly segregated and listed to the state as swamp and overflowed land, and that all necessary steps had been taken to authorize the issuance of the patent. (*Easton* v. *O'Reilly*, 63 Cal. 309.)

It is further claimed that the defendant cannot attack the patent, unless he connects himself in some way with the original source of title. This last proposition unquestionably finds some support among the earlier decisions of this court, — particularly in *Doll* v. *Meador*, 16 Cal. 295, in which the proposition is broadly asserted. On this point, however, that case has not been followed in the later cases. In *Cucamonga Fruit Land Co.* v. *Moir*, 83 Cal. 101, the plaintiff claimed under a patent from the United States, and also a certificate of purchase from the state. The defendant had made application to purchase from the state, but it was contended that his application was void, because the land at the time was held adversely by another. This point was not deemed material, as the court found that plaintiff's patent and certificate were both issued without authority of law, and concluded as follows: "Each document was issued without authority of law, and is void against defendant, conceding that he showed no title except naked possession."

Some members of the court doubted whether it was a proper case in which to apply this principle, but so far as it holds that a patent may always be shown to be void by evidence that it was issued in a case not authorized by law, it is in exact accord with the cases in the federal courts.

In *St. Louis Smelting Co.* v. *Kemp*, 104 U. S. 636, the true rule is declared in an opinion written by Judge

Field.  He says: "On the other hand, a patent may be collaterally impeached in any action, and its operation as a conveyance defeated, by showing that the department had no jurisdiction to dispose of the lands; that is, that the law did not provide for selling them, or that they had been reserved from sale or dedicated to special purposes, or had been previously transferred to others."

And in *Steel* v. *St. Louis Smelting Co.,* 106 U. S. 447, after declaring the conclusiveness of the patent as to all matters which the department officers were required to pass upon, the same judge says: "It need hardly be said that we are here speaking of a patent issued in a case where the land department had jurisdiction to act, the lands forming part of the public domain, and the law having provided for their sale.  If they never were the property of the United States, or if no legislation authorized their sale, or if they had been previously disposed of or reserved from sale, the patent would be inoperative to pass the title, and objection to it could be taken on these grounds at any time and in any form of action."

Many other cases in the supreme court of the United States are to the same effect.

I think, therefore, the judgment should be affirmed.

HAYNES, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

McFARLAND, J., GAROUTTE, J., HARRISON, J., SHARP-
STEIN, J., DE HAVEN, J.