[L. A. No. 1907. Department One.—February 11, 1908.]

GEORGE H. WILLIAMS, Appellant, v. CITY OF SAN PEDRO, SOUTHERN PACIFIC RAILROAD COMPANY, E. K. WOOD LUMBER COMPANY et al., Respondents.

TIDE-LANDS—SALE BY STATE.—All tide-lands within any incorporated city or town other than San Francisco or Oakland are excluded from the operation of the provisions of law authorizing the sale of lands.

ID.—TIDE-LANDS IN SAN PEDRO—VOID CERTIFICATE OF PURCHASE—ACTION BY HOLDER TO QUIET TITLE—COLLATERAL ATTACK.—The provisions of section 3488 of the Political Code withheld from the state officers all authority to grant or sell tide-lands within the city of San Pedro; and a certificate of purchase for the same is void and may be collaterally attacked in an action by the holder of the certificate to quiet his title as against the city and other defendants, though they do not connect themselves with the title of the state.

ID.—POSSESSION OF TIDE-LANDS BY DEFENDANTS IMMATERIAL.—In an action to quiet title to tide-lands, the plaintiff cannot prevail unless he shows title in himself; and the defendants, though not in possession of the lands, may effectually defend by showing that the certificate of purchase under which plaintiff claims title, is without authority of law and void, where plaintiff shows no possession of the lands in himself. [Shaw, J., non-concurring.]

ID.—CERTIFICATE OF PURCHASE NOT VOID ON ITS FACE—PRIMA FACIE EVIDENCE—FACTS ALIUNDE SHOWING INVALIDITY.—If a certificate of purchase of tide-lands is not void on its face, it is only *prima facie* evidence of title; and the defendants in an action to quiet title,

though claiming no interest in the lands, may, under denial of plaintiff's title, show by evidence *aliunde* that the lands described in it are in fact tide-lands not subject to sale, and that the certificate of purchase is therefore void. [Shaw, J., non-concurring.]

ID.—ADMISSION OF FACTS BY PLAINTIFF—OBJECTION TO CERTIFICATE OF PURCHASE PROPERLY SUSTAINED.—Where plaintiff in offering the certificate of purchase admitted that the lands described therein are tide-lands within the limits of the city of San Pedro, the trial court did not err in sustaining the objection of defendants to the admission of the certificate in evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Geo. S. Hupp, H. W. Duncan, and Wm. T. Blakely, for Appellant.

Minor P. Goodrich, for City of San Pedro, Respondent.

J. W. McKinley, for Southern Pacific Railroad Company, Respondent.

Flint & Barker, and Barker & Bowen, for other Respondents.

ANGELLOTTI, J.—This is an action to quiet title to certain land in Los Angeles County. Plaintiff alleges that he is the owner and entitled to the possession of the same. The allegation of such ownership and right to possession was denied by each of defendants. Upon the trial, the only evidence of title in plaintiff offered consisted of an application by plaintiff to the surveyor-general to purchase the land from the state as tide-lands, a certificate of purchase therefor issued November 5, 1901, to plaintiff by the register of the state land-office, and evidence that since the date of such certificate the land had been assessed to plaintiff and he had paid the taxes thereon. The documents were in all respects regular on their face. The certificate stated that the land was "State Tide Land," which it admittedly was. It was in effect stipulated by the parties at the time of the offer of the documents in evidence that the land was at the time of application and certificate wholly within the city of San

Pedro, an incorporated city of this state. This stipulation having been made, defendants objected to the admission of the documents in evidence, upon the ground that, the land being · within an incorporated town, had been reserved from sale, and the certificate was therefore void. The objection was sustained and the documents excluded. Plaintiff, without offering any other evidence of title, rested, and defendants submitted the case without evidence. The court found that plaintiff was not the owner or entitled to the possession of any part of the land, and directed judgment of dismissal. This is an appeal by plaintiff from such judgment.

In view of the stipulation as to the location of this tide-land, the lower court .did not err in excluding the application to· purchase and the certificate of purchase issued thereunder.

It was not made to appear that the land fronted on any harbor, estuary, bay, or inlet used for purposes of navigation, and, therefore, it does not appear that the land was withheld from sale by virtue of section 3 of article XV of the constitution. At the time of such application to purchase, and ever since, section 3488 of the Political Code provided in terms that all tide-lands "within two miles of" any incorporated city or town other than San Francisco or Oakland are excluded from the operation of the provisions of law authorizing-the sale of state lands. This provision withheld from the state officers all authority to grant or sell tide-lands within the city of San Pedro. The contention of appellant that this limitation as to lands subject to sale applies only to lands situated outside of, and not exceeding two miles beyond, the limits of incorporated cities and towns, is not of sufficient force to merit discussion. Lands in the city of San Pedro are necessarily within two miles thereof, and there is nothing in the language used by the legislature in former statutes or in this particular statute with reference to tide-lands in San Francisco or Oakland, which compels a contrary construction. The certificate of purchase was, therefore, for a reason not apparent on its face, void for want of authority in the state officials to convey the land described therein.

It is claimed that the defendants are not in a position authorizing them to question the validity of the certificate of purchase. This claim is based on the fact that the defendants

did not bring themselves in privity with the paramount source
of title, and it is claimed that the certificate of purchase, valid
on its face, is, therefore, conclusive against them.  In support
of this contention, *Doll* v. *Meador,* 16 Cal. 324, is relied on.
While the opinion in that case may be construed as giving
some support to the claim that one cannot attack a patent
(and a certificate of purchase is the same in this respect as
a patent), unless he connects himself in some way with the
original source of title, it is now thoroughly established that
although a patent is apparently regular on its face, yet if look-
ing beyond the patent for a law upon which it is based "it is
found 'that there is no law which authorizes such a patent
under any state of facts, or that the particular tract named
in the patent has been absolutely reserved from disposal, then
the patent will be worthless and assailable from any quarter."
(*Gale* v. *Best,* 78 Cal. 237, [12 Am. St. Rep. 44, 20 Pac. 550].)
As we read *Doll* v. *Meador,* 16 Cal. 324, it recognizes this
general rule, for it is said therein by the court, through Mr.
Justice Field, that "if it" (the patent) "be issued in the
absence of legislation directing a disposition of the property
described, or, by an officer who is not invested with power to
sign the same, or for an estate prohibited, its validity may
also be controverted in any action, either directly or collater-
ally."  In *Edwards* v *Rolley,* 96 Cal. 408, [31 Am. St. Rep.
234, 31 Pac. 267], this court admitted that the claim here
made found support in *Doll* v. *Meador,* 16 Cal. 324, but said
that on this point the case has not been followed.  It then
said, speaking through Judge Temple: "In *St. Louis Smelting
Co.* v. *Kemp,* 104 U. S. 636, the true rule is declared in an
opinion written by Judge Field.  He says: 'On the other
hand, a patent may be collaterally impeached in any action,
and its operation as a conveyance defeated, by showing that
the department had no jurisdiction to dispose of the lands;
that is, that the law did not provide for selling them, or that
they had been reserved from sale or dedicated to special pur-
poses, or had been previously transferred to others.' "  The
court further quoted and approved the language of the
United States supreme court in *Steel* v. *St. Louis Smelting
Co.,* 106 U. S. 447, [1 Sup. Ct. 389], that if the lands pur-
ported to be conveyed by the patent "never were the prop-
erty of the United States, or if no legislation authorized their

sale, or if they had been previously disposed of or reserved from sale, the patent would be inoperative to pass the title, and objection to it could be taken on these grounds at any time and in any form of action.'' (See, also, *Carr* v. *Quigley,* 57 Cal. 394; *McLaughlin* v. *Heid,* 63 Cal. 208; *Southern Pacific R. R. Co.* v. *Garcia,* 64 Cal. 515, [2 Pac. 397]; *Southern Pacific R. R. Co.* v. *McCuskey,* 67 Cal. 67, [7 Pac. 122]; *Cucamonga etc. Co.* v. *Moir,* 83 Cal. 101, [22 Pac. 55, 23 Pac. 359]; *Fredericks* v. *Zumwalt,* 134 Cal. 44, 48, [66 Pac. 38]; *Stoddard* v. *Chambers,* 43 U. S. (2 How.) 317; *Doolan* v. *Carr,* 125 U. S. 618, [8 Sup. Ct. 1228]; *Lake Superior etc. Co.* v. *Cunningham,* 155 U. S. 373, [5 Sup. Ct. 103].)

In *Klauber* v. *Higgins,* 117 Cal. 451, [49 Pac. 466], an action to quiet title, the land involved was tide-land within two miles of the city of San Diego, and the plaintiffs claimed under patents purporting to convey the same under the general laws of the state providing for the sale of tide-lands owned by the state, but reserving from sale tide-lands within two miles of any town or village. It was held that the patent being shown to be for lands for the sale of which no provision had been made, the law expressly reserving them from sale, the patent was absolutely void and inoperative to pass the title, and objection could be taken to it at any time and in any form of action by one who had no other claim than mere possession. The distinction is carefully made in the case just cited between the cases of the character under discussion, and those where the authority to issue the patent depends on the existence of particular facts in reference to the condition or character of the property, or the performance of certain antecedent acts, and officers have been appointed for the ascertainment of these matters in advance, who have passed upon them and given their judgment. In the latter class, it is well settled that the decision of the officers to whom the determination of the question is submitted by the law, though erroneous, cannot be collaterally attacked, even by one showing subsequent title from the same source. As put in *Gale* v. *Best,* 78 Cal. 237, [12 Am. St. Rep. 44, 20 Pac. 550]: ''If a large body of public lands be subjected to sale or other disposition under a law which has merely a general reservation of such parts of those lands as may be found to be of a particular character—such as swamp or mineral—then the land department has juris-

diction to determine the character of any part thereof, and a patent is conclusive evidence that such jurisdiction has been exercised. In such a case, the patent could be attacked only by a direct proceeding, and by a person who connects himself directly with the title of the government.'' In such cases, the rule applied in *Doll* v. *Meador,* 16 Cal. 324, is properly applicable. But, as we have seen, this rule cannot be held applicable to lands which have by sufficient description of location been expressly reserved by the state from sale.

We regard it as absolutely immaterial in this connection that it does not appear that defendants were in possession of the land. Some of the cases cited state that one in possession is in a position to contest the right of another claiming under a void patent, from which it might be inferred that possession at least is essential to such a contest. It is elementary that a plaintiff in an action to quiet title cannot prevail unless he shows title in himself. If he has no title, he cannot complain that some one else, also without title, asserts an interest in the land. (*Pennie* v. *Hildreth,* 81 Cal. 127, [22 Pac. 398] ; *United States Assoc. etc.* v. *Pacific Imp. Co.,* 139 Cal. 370, [69 Pac. 1064, 72 Pac. 988] ; *City of San Diego* v. *Allison,* 46 Cal. 162; *City and County of San Francisco* v. *Ellis,* 54 Cal. 72; *Winter* v. *McMillan,* 87 Cal. 256, [22 Am. St. Rep 243, 25 Pac. 407] ; *Heney* v. *Posolli,* 109 Cal. 58, [41 Pac. 819] , *McGrath* v. *Wallace,* 116 Cal. 551, [48 Pac. 719] ; *McKenzie* v. *Budd,* 125 Cal. 602. [58 Pac. 199] ; *Schroder* v. *Aden G. M. Co.,* 144 Cal. 630, [78 Pac. 20].) A defendant in such an action may always effectually resist a decree against himself, by showing simply that the plaintiff is without title If plaintiff here had simply shown himself to be in possession of the land involved, he would have made a *prima facie* case of ownership, and would have been entitled to judgment in the absence of proof of actual ownership by defendants. He did not do this, but relied solely on the certificate of purchase, as a conveyance by the state to him. This, valid on its face, would have been *prima facie* evidence of ownership, it is true, but would have been no more, and defendants necessarily would have had the right to show the facts *aliunde* which rendered it worthless and inoperative as a conveyance, and thus rebut the *prima facie* case of ownership in plaintiff. It being established that a patent issued under such circum-

stances is absolutely void and collaterally assailable in any form of action, this result inevitably follows. Accompanied, as the offer of this evidence by plaintiff was, by the admission of plaintiff of the facts showing the invalidity of the proceedings of plaintiff for the purchase of the land and the certificate of purchase based thereon, all of which defendants would have been entitled to show if the admission had not been made, the trial court did not err in sustaining the objection of defendants to the evidence.

The judgment is affirmed.

Sloss, J., concurred.

SHAW, J., concurring.—I concur in the judgment. I agree with my associates' that, under section 3488 of the Political Code, the surveyor-general's certificate of sale of tide-lands situated within an incorporated city is void and that the certificate in question did not disclose its invalidity on its face and was, therefore, *prima facie,* valid.

I do not agree to the proposition that the defendants, under the pleadings in this case, had shown a standing or interest sufficient to give them, or either of them, a right to introduce evidence to defeat the plaintiff's *prima facie* title. The complaint did not aver that the plaintiff, or either of the defendants, was in possession. It counted upon title alone. The suit was brought under section 738 of the Code of Civil Procedure, to determine the adverse claims alleged to have been asserted by each of the defendants. None of them, in their respective answers, pleaded any adverse claim, or alleged possession of the land. They merely denied the allegations of the complaint. The action is in the nature of an action *in rem.* In such actions, the rule is elementary and practically universal that no party will be permitted to interpose to defeat the *prima facie* title of another party to the thing, derived by him from a third person, unless such attacking party pleads, or shows in some authorized manner, that he has some right, title, or interest in the thing. A defendant who does not, himself, claim some right, title, interest, or possession, has no *status* to question the validity of a conveyance of the property by a third person to the plaintiff. None of the cases cited in the opinion of Justice Angellotti, as I

understand them, really controvert this principle, except, perhaps, *United Land Assoc.* v. *Pacific Imp. Co.*, 139 Cal. 370, [69 Pac. 1064, 72 Pac. 988]. In all the others, except *San Francisco* v. *Ellis,* 54 Cal. 72, both parties pleaded either title, or possession, or the complaint alleged that the defendant was in possession. Hence, any remarks in these cases to the effect that the plaintiff must prove his allegations of title in himself, or fail in his suit, are either *obiter dicta,* or manifestly in affirmance of, and not contrary to, the rule I have stated. In *United Land Assoc.* v. *Pacific Imp. Co.,* the defendants did set up some claim in the answer, but it seems to have been held to have been insufficient to show a valid claim, and it appears that defendants were in possession. The point was not seriously considered and the statements there made can scarcely have been intended to declare a different rule. The case of *San Francisco* v. *Ellis,* 54 Cal. 72, is really an affirmance of the rule stated. It was an action to cancel a deed from the state tide-land commissioners to the defendant. The contents of the answer are not shown, but that is not important, since the complaint in such an action must have disclosed, at least, an apparent title in the defendant. The plaintiff failed to prove that it had either title or interest in the land, and this was held to be fatal to its right to cancel the deed to the defendant, regardless of the question of its validity.

The cases declaring the rule are numerous. The leading case in this state is *Doll* v. *Meador,* 16 Cal. 296. In discussing the right of one, not himself claiming right or title to the land, to attack the validity of title papers, valid on their face, purporting to convey the land from a third person to the plaintiff, the court there says (p. 325): "The patent . . . cannot be attacked collaterally by parties who show no color of title in themselves. In such cases the parties without title cannot be heard at all." The discussion is very elaborate and the question is thoroughly considered. The proposition has been repeatedly affirmed in subsequent decisions. (*People* v. *Stratton,* 25 Cal. 251; *O'Connor* v. *Frashear,* 56 Cal. 501; *Churchill* v. *Anderson,* 56 Cal. 60; *Rhodes* v. *Craig,* 21 Cal. 422; *Kile* v. *Tubbs,* 23 Cal. 442; *Terry* v. *Megerle,* 24 Cal. 629, [85 Am. Dec. 84]; *Carder* v. *Baxter,* 28 Cal. 100; *Durfee* v. *Plaisted,* 38 Cal. 83; *Kentfield* v. *Hayes,* 57 Cal. 410; *Burling*

v. *Tompkins,* 77 Cal. 261, [19 Pac. 429]; *Dreyfus* v. *Badger,* 108 Cal. 63, [41 Pac. 279]; *Standard Co.* v. *Habishaw,* 132 Cal. 119, [64 Pac. 113]; *Phillips* v. *Carter,* 135 Cal. 606, [87 Am. St. Rep. 152, 67 Pac. 1031]; *Harrington* v. *Goldsmith,* 133 Cal. 169, [68 Pac. 594]; *McCabe* v. *Goodwin,* 106 Cal. 490, [39 Pac. 941]; *Pioneer Co.* v. *Maddux,* 109 Cal. 641, [50 Am. St. Rep. 67, 42 Pac. 295]; *Directors* v. *Abila,* 106 Cal. 363, [39 Pac. 794]; *McFaul* v. *Pfankuch,* 98 Cal. 403, [33 Pac. 397]; see, also, *Wall* v. *Magnes,* 17 Colo. 476, [30 Pac. 56]; *Amler* v. *Conlon,* 22 Colo. 150, [43 Pac. 1002].) The extreme doctrine of *Doll* v. *Meador,* and some others of the above cases, that even one in possession had no standing to make such attack, unless he connected himself with the paramount source of title, has been properly modified in subsequent decisions allowing such party to · protect his possession by defeating the plaintiff's title, without proving title in himself. (*Klauber* v. *Higgins,* 117 Cal. 451, [49 Pac. 466]; *Edwards* v. *Rolley,* 96 Cal. 408, [31 Am. St. Rep. 234, 31 Pac. 276]; *Cucamonga Co.* v. *Moir,* 83 Cal. 101, [22 Pac. 55, 23 Pac. 359].) And this is the doctrine of the supreme court of the United States. (*Reynolds* v. *Iron S. M. Co.,* 116 U. S. 687, [6 Sup. Ct. 601].)

But in the present case the plaintiff admitted that the land was in the city of San Pedro. This admission, which he was under no compulsion to make, was equivalent to a confession that he neither has, nor can have, any right, title, or interest in the premises, since he offered no other evidence than his application and the certificate issued thereon. No possessory rights are claimed and none were adjudged. The judgment dismisses the action and gives defendants their costs. The dismissal was fully justified by the voluntary admission of the plaintiff. It does not appear that the defendants' costs are of any substantial amount. A judgment will not be reversed unless the appellant shows substantial prejudice to himself therefrom. The admission of the plaintiff and the failure of the defendants to set up affirmatively any possession, right, or title, make it practically a moot case, for neither party, under existing laws, could obtain any right, title, or interest in the land. I perceive no substantial reason for interfering with the disposition of the case in the court below.

Hearing in Bank denied.