## DEAN v. CITY OF SAN DIEGO.

(Circuit Court of Appeals, Ninth Circuit. December 11, 1922.)

No. 3859.

**1. Estoppel ☞39—Complainant held without title to sustain suit.**

A conveyance by a city, without covenants of seizin or warranty of all the right, title, and interest of the city in tidelands, to which it then had no title and never acquired title, *held* not sufficient to support a suit to quiet title against the city on account of its subsequent occupation and improvement of the land in aid of navigation under authority of a state statute.

**2. Quieting title ☞10(1)—Complainant must show title in himself.**

There can be no decree quieting title in a suit by a grantee against his grantor, where the latter never conveyed title to the grantee and never acquired title to the land described in the conveyance.

Hunt, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Suit in equity by Charles E. Dean against the City of San Diego. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 275 Fed. 228.

The appellant brought a suit against the city of San Diego to quiet title to two certain tracts of submerged and overflowed lands situated beneath the waters of the bay of San Diego and below the line of ordinary high tide, claiming title thereto by virtue of a conveyance made to him on September 12, 1871, by the president and trustees of the city of San Diego. The city answered the complaint denying the appellant's title, and denying that the appellant had at any time been in the possession of said property, and alleging that the city had been since May 1, 1911, in the possession and control thereof. Upon the trial, the appellant introduced in evidence his said deed of September 12, 1871, and the appellee introduced the patent of the United States issued to the city of San Diego on April 10, 1874, confirming to it, pursuant to the decree of the board of land commissioners rendered January 22, 1856, the lands mentioned therein. The patent did not include lands below ordinary high-water mark and therefore did not include the lands in controversy. Upon the pleadings and the evidence a decree was entered dismissing the complaint; the court below holding that the patent from the United States was conclusive upon the city and all who claimed under it as to the property actually owned by the city, and that, as the city never acquired title to the land described in the conveyance made by its officers to the appellant, no title was conveyed by the said deed.

Wm. U. Handy and E. H. Gruel, both of Los Angeles, Cal., for appellant.

W. J. Higgins, City Atty., and Arthur F. H. Wright, Deputy City Atty., both of San Diego, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The deed to the appellant purports to convey all the right, title, interest, estate, and claim of the city in the property described therein "as fully and absolutely as we, the said president and trustees, may or can

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by virtue of the power in us vested convey the same." The appellant asserts that the appellee is estopped to deny the title thus conveyed, for the reason that the conveyance to the appellant is a deed of bargain and sale, and not a mere quitclaim. It is not important to discuss the nature of the conveyance, further than to say that it contains no covenant of seisin or warranty. The fundamental fact which determines the controversy is that the city had no title to the premises in dispute at the time when the deed was made to the appellant and has acquired none since that date. The patent from the United States to the city of San Diego conveys none of the property in controversy, nor does the act of the Legislature of California (St. 1911, p. 1357) confer upon the city any title thereto. While that statute vests in the city the right to make upon the lands beneath the waters of San Diego Bay improvements and structures for the development of commerce, navigation, and fishing, it expressly provides that no grant, conveyance, or transfer of any character shall ever be made by the city of the lands therein described, and requires the city to continue to hold said lands unless the same revert or be re-ceded to the state. No estoppel can relieve the city of its obligation to obey the law, or operate to vest in the appellant an estate in violation of the law.

[2] There can be no decree quieting title in a suit by a grantee as against his grantor in a case, where the latter never conveyed title to the grantee and never acquired title to the land described in the conveyance. In Williams v. City of San Pedro, 153 Cal. 44, 94 Pac. 234, the question of the right of cities to tidelands in the state of California was determined. The court held that all tidelands within any incorporated city or town, other than San Francisco or Oakland, are excluded from the operation of the laws of the state which authorize the sale of lands. The court used words that are applicable to the present case:

"It is elementary that a plaintiff in an action to quiet title cannot prevail unless he shows title in himself. If he has no title, he cannot complain that some one else, also without title, asserts an interest in the land."

The decree is affirmed.

HUNT, Circuit Judge, dissents.