[No. 3,886.]

## JAMES QUINN BY HIS GUARDIAN, AD LITEM, CORNELIUS QUINN v. B. KENNEY, JOHN S. BARRETT AND J. C. GOODS ET AL.

REDEMPTION OF LAND SOLD FOR TAXES. — A person redeeming from a tax sale made by the Collector of Taxes, under a judgment recovered for the tax, must pay the whole amount of the judgment, even if he own only an undivided interest in the land ; but the payment does not redeem any land other than that which the redemptioner owned at the time of the tax sale.

RIGHT OF REDEMPTION.—The right of redemption comes entirely from the Statute, and is subject to all the limitations and conditions imposed by the Statute.

FINDING OF FACT ON ESTOPPEL. — In an action to redeem from a tax sale where the purchaser at the sale and several others are made defendants, with an allegation that such purchaser has conveyed his interest in the certificate to the other defendants, a finding by the Court that the purchaser at the tax sale still retains the property, and has not incumbered it, estops the other defendants in any future litigation.

JUDGMENT IN ACTION TO REDEEM FROM TAX SALE.—In an action by a minor to redeem from a tax sale, brought after the deed has been executed by the Tax Collector, the proper decree, if the purchaser at the tax sale has not conveyed or incumbered the property, is, that he convey the same

to the plaintiff, and if such purchaser bring into court, and tender to the plaintiff such deed, the Court may decree that the plaintiff accept it, and recover costs.

Appeal from the District Court, Sixth Judicial District, County of Sacramento.

Several blocks of land in the city. of Sacramento were assessed separately for taxes in 1868, but were all assessed to one owner. The tax became delinquent, and suit was brought to enforce it, and, on the 20th day of July, 1869, a judgment was rendered against all the blocks directing their sale for the tax. An order of sale was issued, and the Sheriff sold all the blocks on the 21st day of March, 1870, for the tax. The land was not redeemed, and the Sheriff, (the Tax Collector), on the 7th day of October, 1870, executed a deed to defendant Kenney, who had been the purchaser at the tax sale. This suit was commenced September 16, 1871, by the plaintiff, to be allowed to redeem. Before bringing suit, the plaintiff tendered to each of the defendants, Kenney and Barrett; the whole amount of the judgment under which the sale was made, and all costs and charges. The complaint alleged that the property was purchased by the defendant Kenney for the defendants Barrett and Goods, or the defendant Barrett, and that Kenney had assigned to Barrett. The tender was refused. The answers denied the assignment to Barrett, and the Court found that Kenney still owned the property. After issue had been joined, defendant Kenney, by leave of the Court, filed a supplemental answer, in which he offered to convey to the plaintiff all the interest he had acquired at the tax sale in the land owned by the plaintiff, to-wit: seven twenty-fourths of the block mentioned in the opinion. On the trial, defendant Kenney brought this deed into Court, and tendered it to the plaintiff, who refused to accept it. The Court inspected the deed and pronounced it sufficient to reinvest the plaintiff with the title he had lost by the tax sale, and rendered judgment that the plaintiff accept the deed in full satisfaction of his right to redeem, and that he recover costs. The plaintiff appealed.

The other facts are stated in the opinion.

*McKune & Welty,* for the Appellant.

The Court erred in holding that the deed of B. Kenney could be substituted for a right to redeem given by statute. (Statutes of 1861, Sec. 45, p. 435, as modified by an act passed March 31, 1866, Stats. 1865–6, p. 607.)

The statutes expressly provide that the minor shall have this right. Plaintiff has complied with the law, and is entitled to redeem. Defendants cannot require of him any remedy less secure, which might involve the trial of a question of fact as to whether the purchasers have sold or incumbered the land, or whether he was under any disability in making a deed.

The judgment should be reversed, and a decree for plaintiff ordered in accordance with the prayer of the complaint.

*R. C. Clark,* for Respondents.

If redemption had been made within the statutory period of six months, the title would have remained in the parties, respectively, as it was before the sale, but this failing, the title of all the owners of this land, except the plaintiffs, has vested absolutely in defendant Kenney; and plaintiff's title has also vested in him, subject only to the right to redeem it. Should he be allowed to redeem the whole land, to whom will the title pass? Not to the original owners; for their rights in the land terminated upon the delivery of the Sheriff's deed. It must then go to the plaintiffs, if wrested from Kenney, and he is permitted, without claiming any title thereto, to take Kenney's property and appropriate it to his own use—a result which, I apprehend, will never be brought about by the decision of this Court.

Should authority be wanting upon a case so devoid of equity as this seems to be, the case of *Kirkham* v. *Dupont,* 14 Cal. 559, is conclusive against the appellant.

By the COURT:

The plaintiff was the owner of only the undivided seven twenty-fourths of the block bounded by U and V, and

Seventeenth and Eighteenth streets, and was not an owner in any other of the blocks included in the tax sale. The Statute of March 31st, 1866 (Stats. 1865-6, p. 607), requires that the person redeeming land from tax sale shall pay the whole amount of the judgment under which the sale was made. But that provision does not authorize a person to redeem any land other than such as he owned when the tax sale was made. The language of the statute is: "Provided further, that when the property sold belongs to minors or persons under legal disability, they shall have until six months after said disability is removed to redeem said property by paying the whole amount of the judgment," etc. The right of redemption comes entirely from the statute, and it is subject to all the limitations and conditions therein imposed.

The Court found that the land had been conveyed by the Sheriff to Kenney, that the title still remained in him, and had not been incumbered by him. That finding will estop all the defendants in any future litigation which may arise. It was therefore proper that Kenney should convey to the plaintiff the title to the lands of the plaintiff, which he—Kenney—had acquired by virtue of the Sheriff's sale and deed, and there is no other mode in which the redemption could be effected. A decree that the plaintiff is entitled to redeem his lands, or declaring that the Sheriff's deed shall not operate as a conveyance of the plaintiff's interest, would be no more effectual than Kenney's deed; and it would not bind persons not parties to the suit, who may have acquired titles to or liens upon the plaintiff's interest in the lands while held by Kenney.

Judgment affirmed.