[No. 5803.]

## JOSEPH POWERS v. WM. LEITH and SOPHIA LEITH, Wife of WM. LEITH.

Decisions of Land Department.—The decisions of the Land Department upon questions of fact are not subject to review by the Courts.—[Reporter.]

Title Acquired by Trustee.—The Land Department having determined that the defendants' homestead entry, No. 304, was valid, and it not being

shown that the determination was based upon an erroneous decision of a matter of law, and entry No. 304 being prior to the initiation of the plaintiff's preëmption, there is no ground on which the plaintiff can claim that the defendant acquired the title to the land under his homestead entry as his [the plaintiff's] trustee.

APPEAL from the District Court of the Twenty-first Judicial District, Lassen County.

The action was brought to compel the defendant to deed certain lands to the plaintiff. Judgment was rendered for the defendant, and the plaintiff appealed. The other facts are stated in the opinion.

*E. V. Spencer,* for Appellant.

*J. W. Hendrick* and *J. S. Chapman,* for Respondent.

By the COURT:

The defendant made a homestead entry (No. 304) on the 1st day of August, 1873, and on the 1st day of April, 1874, the entry was canceled by the Commissioner of the General Land Office. On the 11th day of June, 1874, the plaintiff filed a declaratory statement, to secure the pre-emption of the same lands. In July of that year the defendant made a second homestead entry of the lands, (No. 391) and in the same month he forwarded his affidavit to the Commissioner, containing certain statements relative to entry No. 304, and the occupation of the lands, etc.; and on the 3rd day of September of that year, the Commissioner canceled entry No. 391, and reinstated entry No.. 304. The plaintiff, upon receiving notice of the orders of the Commissioner respecting the entries of the defendant, made application to the Commissioner to order a reinvestigation of the matters stated in the defendant's affidavit, but the application was refused by the Commissioner, and also by the Secretary of the Interior on appeal; and thereupon the Commissioner canceled the plaintiff's declaratory statement. The defendant subsequently commuted his homestead entry No. 304, made final payment, and received a patent for the land.

The plaintiff alleges that the statements contained in the de-

fendant's affidavit, on which his entry No. 391 was canceled, and entry No. 304 was reinstated, were false; that the officers of the Land Department were thereby deceived and induced to reinstate entry No. 304; and that his own declaratory statement was canceled without authority of law; and relying mainly on these grounds he seeks to have the defendant adjudged a trustee, holding the title for the plaintiff's use, and to compel the defendant to convey the title to the plaintiff upon his refunding the purchase-money and costs attending the purchase.

If the defendant's homestead entry No. 304 was properly made, then the plaintiff has no ground upon which to base his claim that the defendant acquired the title as the plaintiff's trustee; for that entry was prior to the time when the plaintiff initiated his pre-emption claim. The Land Department determined that the defendant's entry was valid; and it is not shown that any error of law occurred in the proceedings which resulted in that determination. It does not appear that the plaintiff contested that entry. The proposition is too well settled to require a citation of authorities, that the decisions of the Land Department upon questions of fact are not subject to review by the Courts.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.