[6,705.—Department One.]

GEORGE KENTFIELD v. EDWARD HAYES.

PATENT—EJECTMENT—TITLE—EVIDENCE.—In ejectment, a patent from the State appearing to be valid on its face, and conveying land subject to disposition by the State, is conclusive evidence of title against a defendant who shows no connection with the common or paramount source of title.

ID.—ID.—FRAUD—ANSWER—PLEADING.—In such action, an answer states no defense which admits the patent, and avers that the plaintiff had procured the certificate of location upon which said patent was based, to be issued to him by exhibiting a false affidavit to the Surveyor-General; that the defendant had made application for the same land, and the said officer had been induced to reject his application by reason of fraud and imposition of the plaintiff.

EJECTMENT—EQUITABLE DEFENSE—PLEADING.—An equitable defense in an action of ejectment should contain, in substance, the elements of a bill in equity.

AMENDED ANSWER—PLEADING.—An amended answer supersedes the original answer.

APPEAL from an order in the Fifteenth District Court, City and County of San Francisco. DWINELLE, J.

*J. B. Lamar*, for Appellant.

The patent of the plaintiff was not void upon its face, and the defendant did not connect himself with the paramount source of title. The patent is therefore conclusive.

*B. B. Newman*, for Respondent.

McKEE, J.:

This appeal comes from an order vacating a judgment in favor of the plaintiff, and granting a new trial. The reason why the decision was made is not exhibited in the order. But it appears from the transcript on appeal that the judgment was given in an action of ejectment, in which the plaintiff established a right of entry to the land in dispute, by a patent issued to him by the State in February, 1875.

The patent is not void on its face. It shows that it was issued by an officer authorized by law, for land which had been listed to the State, and under the provisions of certain acts of the Legislature which provided for the sale and conveyance of the land, as part of lands which had been granted to the State

by the several Acts of Congress recited therein. No invalidity appearing upon the face of the patent, and the land being such as was subject to disposition by the State, it was therefore valid; and in an action of ejectment, it is conclusive as evidence of title against a defendant who shows no connection with the common or paramount source of title. (*Doll* v. *Meador*, 16 Cal. 295; *O'Connor* v. *Frasher*, 56 Cal. 499.) No such connection was shown to exist by the defendant in this case; he did not claim to be in privity with the State or the United States.

His amended answer contains a specific denial of the allegations of the plaintiff's complaint; a defense of the Statute of Limitations, and a statement of new matter, in which, while admitting that the patent had been issued to the plaintiff, as a purchaser from the State, upon a location which he claimed to have made in October, 1868, and that the land had been listed to the State, it was *averred* that the defendant had also applied to purchase the land from the State in March, 1873, under the provisions of title viii of the Political Code; that the Surveyor-General of the State had rejected his application, and approved the application of the plaintiff; but that, in rejecting the one and in approving the other, the officer had been imposed on by the affidavit of the plaintiff, which contained a false and untrue statement of the alleged possession of the plaintiff, and of his improvements upon the land at the date of his location.

This new matter constituted no defense, legal or equitable. It was not a legal defense, because in ejectment the legal title must prevail. When, therefore, the plaintiff established his legal title by the patent from the State, the defendant could not attempt to impeach it by showing that it had been acquired by fraud. The patent was conclusive against him, and the Court below did not err in rejecting the evidence which was offered by the defendant for the purpose of showing that the plaintiff had obtained his title by fraud. Nor did it err when it instructed the jury "that the patent shows that the land was listed over to the State, and that the State had a right to convey it, * * * and that the patent could not be attacked by a party who had not, at the time the patent issued, some privity to the land, or some right or title therein; therefore they should find for the plaintiff."

Of course a legal title in the hands of a party is controllable by a court of equity; and under our system, the Superior Courts, in the exercise of their equity powers, will, in a proper proceeding, protect the just rights of parties in a patent wrongfully issued to another, or held by him in trust for those who may be rightfully entitled to it. (*Clark* v. *Lockwood*, 21 Cal. 220.) But the equitable rights of those who claim that the title was intended for their benefit must be made to appear. It does not appear by the answer of the defendant that he stood in such relation to the patent of the plaintiff; he does not seek to charge the plaintiff as a trustee of the patent for his benefit; nor has he stated, in what he calls his equitable defense, any prior rights vested in him with which the patent conflicts, or any grounds upon which he could invoke the powers of a court of equity to set aside the patent as fraudulent, or to compel a conveyance of it to himself.

The single fact that the State rejected his application to purchase, does not, of itself, connect him with the title of the State, nor invest him with an interest in the land, which entitles him to protection from a court of equity. It shows only that he had no right to purchase the land from the State, and therefore no right to collaterally attack a patent not void on its face, or to control it in equity.

As an equitable defense, or as a cross-complaint, the new matter of the defendant's answer was wholly inadequate. It raised no material issue with the plaintiff's complaint. It is well settled that an equitable defense interposed in an action of ejectment should contain in substance the elements of a bill in equity; and that its sufficiency, other than as to mere form, is to be determined by the application of the rules observed in courts of equity when relief is granted. (*Miller* v. *Fulton*, 47 Cal. 147; *McCauley* v. *Fulton*, 44 id. 362; *Bruck* v. *Tucker*, 42 id. 352; *Milton* v. *Lawlor*, 52 id. 405.)

The amended answer was the only answer in the case. When it was filed it superseded the original answer, and all questions in relation to the abandoned answer were waived by the filing of the amended answer upon which the defendant went to trial. (*Barber* v. *Reynolds*, 33 Cal. 497; *Kelly* v. *McKibben*, 54 id. 192.)

The plaintiff's cause of action was not barred by the Statute of Limitations, for the patent was issued in February, 1875, and the action was commenced in February, 1876.

No error appearing in the proceedings of the Court below up to the entry of the judgment for the plaintiff, we think the Court erred in setting aside the verdict and judgment, and granting a new trial.

The order is therefore reversed.

Morrison, C. J., and Ross, J., concurred.