[No. 11335. Department Two. — August 31, 1886.]

EUGENE R. PLUMMER, Appellant, *v.* JOHN A. BROWN, Defendant. MARTHA BROWN, Substituted Defendant and Appellant.

Public Land — Contest as to Right to Purchase — Conclusiveness of Judgment. — In hearing and determining a contest between rival claimants of the right to purchase public lands of the United States, the officers of the land department act judicially; and their judgments cannot be collaterally assailed in an action at law.

Id. — Title Acquired by Fraud — Trust — Action to Compel Conveyance of Legal Title. — If the successful claimant has acquired, pursuant to the judgment, the legal title affected with any fraud or trust in relation to it, he will be regarded in equity as a trustee of the true owner, who may by a proper proceeding compel a conveyance to himself of the legal title.

Id. — Pleading — Evidence. — In an action by the unsuccessful claimant to compel a conveyance of the legal title, the plaintiff must distinctly allege and clearly prove that he occupies such a *status* as gives him the right to control the legal title.

Id. — The action was brought by an unsuccessful claimant of the right to purchase certain public land of the United States under the pre-emption and homestead laws, against the successful claimant, to compel the latter to convey the legal title to the plaintiff. The complaint showed that in the contest as to the right to purchase, the land department had decided that the defendant settled upon and occupied the land before the plaintiff entered upon it, and had not abandoned his occupation, and that the plaintiff invaded the occupation of the defendant, and was not a qualified pre-emptor. *Held,* that the plaintiff was not in a position to control the legal title issued to the defendant.

Id. — Insufficient Allegations of Fraud. — In order to avoid the conclusiveness of the judgment of the land department, the complaint alleged in general terms that the judgment was based upon certain false, perjured, incompetent, and irrelevant evidence introduced by the defendant, but did not state what the evidence was. *Held,* that the complaint was insufficient.

Appeal from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Edwin Baxter,* for Appellant.

*Bicknell & White,* and *C. Cabot,* for Respondent,

McKEE, J.—The only question for consideration on this appeal is, whether the court below erred in sustaining a demurrer to the complaint upon the ground that it did not contain facts sufficient to constitute a cause of action.

It appears from the allegations contained in the complaint that there was a contest between the plaintiff and John A. Brown before the register and receiver of the United States land-office, about the right to purchase from the United States, under the pre-emption and homestead laws, a tract of public land in Los Angeles County, described as the southeast quarter of section 23 in township 1 south, range 14 west, San Bernardino meridian,—the official plat and map of which had been filed in the year 1875 in the proper United States land-office. The commissioner affirmed the decision. Plummer then appealed to the Secretary of the Interior, and that officer also affirmed the decision; after which there was issued a patent pursuant to the judgment to Brown, confirmatory of his right to the land under the provisions of the homestead law.

Notwithstanding the judgment, the plaintiff insists that the land ought to have been awarded to him, because, as it is alleged, he established his right to purchase it under the laws of the United States by satisfactory proof; and the register and receiver would have awarded it to him if he had not been imposed upon by "false and perjured testimony," which misled and deceived him, and biased him to decide in Brown's favor, upon facts which were found upon "the false and perjured testimony" and "incompetent and irrelevant evidence" given by Brown; which, it is also alleged, the other officers of the land department were likewise fraudulently induced to affirm the judgment in Brown's favor. Upon these grounds, the plaintiff asks for a decree declaring that Brown holds the legal title to the land in trust for the plaintiff, and that he be compelled to convey it to the plaintiff.

On the hearing and determination of a contest between two rival claimants of the right to purchase a tract of public land under the land laws of the United States, the register and receiver of the land department acts judicially; and his judgment, especially after it has been affirmed on appeal, is final and conclusive upon the contestants; so also is the patent issued upon the judgment; neither can be collaterally assailed. (*Garland* v. *Wynn,* 20 How. 6; *Lytle* v. *Arkansas,* 9 How. 328; *Cunningham* v. *Ashley,* 14 How. 382; *Barnard* v. *Ashley,* 18 How. 43.)

But while the judgment is conclusive at law, there is no doubt of the equitable doctrine that if the successful contestant has acquired, pursuant to the judgment, the legal title affected with any fraud or trust in relation to it, he will be regarded in equity as a trustee of the true owner, and the owner may by a proper proceeding in equity compel a conveyance to himself of the legal title. (*Stark* v. *Starrs,* 6 Wall. 402; *Johnson* v. *Towsley,* 13 Wall. 72.)

To entitle the alleged owner, however, to such equitable relief, he must show that he occupies such a *status* as entitles him to control the legal title; that the officers who awarded the land to another, to whom the title was issued pursuant to the judgment, were imposed upon and deceived by the fraudulent practices of him in whose favor the judgment was given; and that they were thereby induced to give judgment in his favor. These things must be distinctly alleged and clearly proven. (*Payne* v. *Elliot,* 54 Cal. 339; *Kentfield* v. *Hayes,* 57 Cal. 409; *Chapman* v. *Quinn,* 56 Cal. 266; *Burrell* v. *Haw,* 48 Cal. 225; *Powers* v. *Leith,* 53 Cal. 711; *Hosmer* v. *Duggan,* 56 Cal. 257; *Aurrecoechea* v. *Sinclair,* 60 Cal. 532.)

The complaint under consideration contains no sufficient allegations of such issuable facts; and it does show affirmatively that the plaintiff was not entitled to the relief which he demands. For it appears that in the con-

test as to the right to purchase the land which was the subject of the controversy, there were three issues presented, namely: 1. Had Brown settled upon and occupied the land before the plaintiff entered upon it? 2. Did Brown abandon his occupation, or did the plaintiff invade it? 3. Was the plaintiff a qualified pre-emptor? —and that those issues were found against the plaintiff and in favor of Brown. It follows, therefore, as the issues were decided against the plaintiff, that he was a trespasser upon Brown's possession, and was not a qualified pre-emptor, so that he had no right of entry upon the land, and he acquired no pre-emption right by his unlawful entry upon it by which he could control the legal title issued to Brown pursuant to the judgment in his favor. (*Atherton* v. *Fowler*, 96 U. S. 513; *Hosmer* v. *Wallace*, 97 U. S. 575.)

But it is contended that the judgment is not conclusive against the plaintiff, because it was rendered "upon the false and perjured testimony" and "incompetent and immaterial evidence" of Brown, which the register admitted, "notwithstanding Brown repeatedly refused to submit to cross-examination," and "was prevailed upon by Brown and his attorneys to give it weight and credence, notwithstanding it was shown by record to be false and perjured," and "notwithstanding it was clearly inadmissible under all rules of law and of courts, and clearly incompetent and irrelevant"; and thereby "said officers were misled and deceived, and their judgment biased by said defendant and his attorneys; and in consequence thereof, said land-officers, . . . . contrary to the law, and contrary to undisputed facts, thereupon ruled and decided erroneously, falsely, illegally, and inequitably that said defendant, Brown, was entitled to said land, and awarded the same to him."

In these allegations, there is nothing of an issuable character as to what evidence was false or perjured, incompetent, and irrelevant, upon which a court could

judicially determine whether as evidence it was improperly admitted or illegally considered; nor is there in them anything which shows what was the evidence upon which the decision was made, or that it was evidence which did not justify the decision, or showed that the decision was contrary to law. The allegations are of a general nature, and wholly insufficient. A person against whom charges of fraud and perjury are made is entitled to specific averments of the acts of fraud of which he is accused, so that he may admit or deny the acts, and present issues which the court may hear and decide. In *Vance* v. *Burbank,* 101 U. S. 519, the rule is thus stated: "Where fraud and misrepresentations are relied upon as ground of interference by the court, they should be stated with such fullness and particularity as to show that they must necessarily have affected the action of the officers of the department. Mere general allegation of fraud and misrepresentations will not suffice." (See also *Marquez* v. *Frisbie,* 101 U. S. 478; *Quimby* v. *Conlan,* 104 U. S. 426; *United States* v. *Atherton,* 102 U. S. 372; *Steel* v. *Smelting Company,* 106 U. S. 453.)

The demurrer to the complaint was properly sustained. Judgment affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.