[No. 12711. In Bank. — December 6, 1890.]

## CATHERINE M. A. BUCKLEY, Appellant, v. HENRY N. HOWE, Respondent.

Patent — Enforcement of Trust — Fraud — Mistake of Land Department. — Equity will decree and enforce a trust in favor of a party who shows a better right to land, a patent for which had been procured by the fraud of the defendant, and through mistake and misconception of the law on the part of the officers of the land department of the government.

Id. — Equitable Title of Plaintiff — Right to Control Legal Title. — In such a case, it is not enough to show that the defendant was not entitled to have received the patent, but the plaintiff must show that he himself occupies such a *status* toward the property as entitles him to control the legal title.

Id. — Pre-emption Claim — Pleading — Conclusion of Law — Facts Conferring Prior Right. — Where the plaintiff in such action claims priority of right over the defendant to become the purchaser from the

government, and to receive a patent for the land in controversy, under a pre-emption claim, it is not enough to allege he had or has such right, as that allegation is a mere conclusion of law; but the plaintiff must show the state of facts conferring such right, and also that he took the legal steps to avail himself thereof.

ID. — HOMESTEAD ENTRY — REJECTED APPLICATION — FAILURE TO APPEAL OR CONTEST ISSUANCE OF PATENT. — Where the application for a homestead entry, under which the plaintiff claims, was rejected, and no appeal was prosecuted from the order of the register and receiver rejecting the same, and no further steps were taken to secure its approval, or to contest the issuance of the patent to the defendant, who proved up and paid for the land as a pre-emption claimant, the plaintiff possesses no right, by virtue of his homestead entry, to control the patent, or to enforce a trust therein.

ID. — POSSESSION OF LAND PRE-EMPTED BY DEFENDANT. — Nor will the fact that the plaintiff claims as an assignee of an actual possessor of the land pre-empted by the defendant avail the plaintiff, it not appearing that such possessor objected to the defendant's entry or possession of a portion of the land included in his inclosures, or resisted his pre-emption claim.

ID. — NAKED POSSESSION OF PUBLIC DOMAIN — ACQUIESCENCE IN REJECTED APPLICATION. — Neither naked possession of the public domain, nor a rejected application for leave to enter it, under whatever law it may be made, if the rejection is acquiesced in, and not appealed from, will give any such right or title as will enable the claimant successfully to attack or control a patent issued by the government to another claimant.

AMENDMENT OF COMPLAINT AFTER DEMURRER SUSTAINED — DISCRETION — FAILURE TO EXCEPT — OBJECTION ON APPEAL. — The privilege of amending a complaint after the trial of the issue of law, raised by demurrer, is in the discretion of the trial court, and where the demurrer is sustained without leave to amend, and nothing appears in the record to show an abuse of discretion, or that the plaintiff applied to the trial court for leave to amend, or took an exception to a refusal of the court to grant such leave, it is too late to raise the objection for the first time on appeal that the court failed to grant it.

APPEAL from a judgment of the Superior Court of Marin County.

The facts are stated in the opinion of the court.

*Gray & Haven*, for Appellant.

An action to declare the defendant a trustee for plaintiff can be maintained when the defendant has gained the land by fraud, accident, mistake, or other wrongful

act. (Civ. Code, secs. 2223, 2224.) This principle is applicable to actions where the defendant has obtained a government patent to lands to which others are entitled. In such cases the law raises a trust in favor of the one really entitled. (*Wilson* v. *Castro*, 31 Cal. 420; *Salmon* v. *Symonds*, 30 Cal. 301; *Bludworth* v. *Lake*, 33 Cal. 256; *Haven* v. *Haws*, 63 Cal. 452; *Eversdon* v. *Mayhew*, 65 Cal. 163; *Brannock* v. *Monroe*, 65 Cal. 491; *Moore* v. *Robbins*, 96 U. S. 530.) A patent for land granted by the United States may be attacked by a direct proceeding in equity, based on mistake of law in the issuance, or fraud and imposition in its procurement. (*Sanford* v. *Sanford*, 13 Pac. Rep. 603; *Johnson* v. *Towsley*, 13 Wall. 72; *Moore* v. *Robbins*, 96 U. S. 530; *Smelting Co.* v. *Kemp*, 104 U. S. 636.) Upon questions of law, the decisions of the United States land officers may be reviewed by the courts. (*Moore* v. *Robbins*, 96 U. S. 530; *Smelting Co.* v. *Kemp*, 104 U. S. 636; *Johnson* v. *Towsley*, 13 Wall. 72; *Sanford* v. *Sanford*, 13 Pac. Rep. 603; *Powers* v. *Leith*, 53 Cal. 711; *Hosmer* v. *Wallace*, 47 Cal. 461; *Plummer* v. *Brown*, 70 Cal. 544; *Rutledge* v. *Murphy*, 51 Cal. 388; *Aurrecoechea* v. *Sinclair*, 60 Cal. 532. See note and authorities cited under section 2273 in Gould and Tucker's Notes on the Statutes of the United States, p. 532. *Shepley* v. *Cowan*, 91 U. S. 330; *Baldwin* v. *Stark*, 107 U. S. 463; *Marquez* v. *Frisbie*, 101 U. S. 473; *Vance* v. *Burbank*, 101 U. S. 514; *Warren* v. *Van Brunt*, 19 Wall. 646; *French* v. *Fyan*, 93 U. S. 169; *Quinby* v. *Conlan*, 104 U. S. 503; *Steel* v. *Smelting Co.*, 106 U. S. 447; *Rector* v. *Gibbon*, 111 U. S. 276; *Tatro* v. *French*, 33 Kan. 49; *Van Sant* v. *Butler*, 19 Neb. 351; *Aiken* v. *Ferry*, 6 Saw. 79; *Kinney* v. *Degman*, 12 Neb. 237; *Rush* v. *Valentine*, 12 Neb. 513; *Mace* v. *Merrill*, 56 Cal. 554; *Dilla* v. *Bohall*, 53 Cal. 709; *Hes* v. *Bolinger*, 48 Cal. 349; *Bracken* v. *Parkinson*, 1 Pinn. 685; *Johnson* v. *Lee*, 47 Mich. 52; *Wilkinson* v. *Merrill*, 56 Cal. 559; *Litchfield* v. *Register*, 9 Wall. 575.) The United States land officers erred in awarding the land to

the defendant, as at the time of his entry the plaintiff was in the actual possession of the land. (*Goodwin* v. *McCabe,* 75 Cal. 584; *Atherton* v. *Fowler,* 96 U. S. 513; *Durand* v. *Martin,* 120 U. S. 369; *Mower* v. *Fletcher,* 116 U. S. 381; *Trenouth* v. *San Francisco,* 100 U. S. 251, 256.) The right of pre-emption under the laws of the United States cannot be acquired by intrusion and trespass upon lands in the actual possession of another. (*Davis* v. *Scott,* 56 Cal. 165; *Hosmer* v. *Duggan,* 56 Cal. 257; *McBrown* v. *Morris,* 59 Cal. 64; *Nickals* v. *Winn,* 17 Nev. 188; *Rutledge* v. *Murphy,* 51 Cal. 388; *Hosmer* v. *Wallace,* 51 Cal. 368; *Hosmer* v. *Wallace,* 47 Cal. 461; *Kendall* v. *Waters,* 68 Cal. 26; *Bishop* v. *Glassen,* 12 Pac. Rep. 258; *Atherton* v. *Fowler,* 96 U. S. 513; *Durand* v. *Martin,* 120 U. S. 369; *Trenouth* v. *San Francisco,* 100 U. S. 251.) Land in the occupation of another cannot be taken up under the United States land laws. (*Quinby* v. *Conlan,* 104 U. S. 503; *Hosmer* v. *Wallace,* 97 U. S. 575; *Mower* v. *Fletcher,* 116 U. S. 380; *North N. Min. Co.* v. *O. Min. Co.,* 11 Fed. Rep. 125; *Cowell* v. *Lammers,* 21 Fed. Rep. 200; *Davis* v. *Scott,* 56 Cal. 165.) The pre-emption right only inures in favor of one who has performed the conditions imposed by statute. These cannot be performed when another is occupying the land. (*Hosmer* v. *Wallace,* 97 U. S. 575.) The provisions of other sections of chapter 5 of the United States Revised Statutes, including section 2309, respecting residence upon the land entered, are inapplicable to the additional homestead entries under section 2306, and actual entry and settlement are not required. (*Rose* v. *Wood and Lumber Co.,* 73 Cal. 387; *Knight* v. *Leary,* 54 Wis. 460; *Mullen* v. *Wine,* 26 Fed. Rep. 206.) One who has entered land under the United States homestead law may alienate it before patent issues, in the absence of anything in the statute forbidding such alienation. (*Knight* v. *Leary,* 54 Wis. 460.)

*George Pearce*, for Respondent.

The act to settle private land claims in California, March 3, 1851, section 13, and the survey of the land and returning the plats to the United States land-office, operated to oust Brackett and the appellant. The plaintiff has no standing to maintain this suit. (*Kile* v. *Tubbs*, 28 Cal. 402; *Mhoney* v. *Van Winkle*, 33 Cal. 448; *Tyler* v. *Green*, 28 Cal. 406; *Moore* v. *Wilkinson*, 13 Cal. 478; *Boggs* v. *Merced M. Co.*, 14 Cal. 278; *Yount* v. *Howell*, 14 Cal. 465; *Fenn* v. *Holmes*, 21 How. 481; *Bagnell* v. *Broderick*, 12 Pet. 450; *Burgess* v. *Gray*, 16 How. 48; *Cooper* v. *Roberts*, 18 How. 173, 182; *Spencer* v. *Lapsley*, 20 How. 273.) The action of the land department in issuing the patent to respondent is conclusive, except for fraud, accident, or surprise, or some plain error of law. (*Hosmer* v. *Wallace*, 47 Cal. 461; *Shipley* v. *Cowen*, 91 U. S. 402; *Lee* v. *Johnson*, 116 U. S. 48; *Johnson* v. *Towsley*, 13 Wall. 72; *Warren* v. *Van Brunt*, 19 Wall. 646; *Marquez* v. *Frisbie*, 101 U. S. 473.)

Fox, J. — This is a bill in equity to procure a decree that the defendant holds the title to certain lands in Marin County, for which he procured patent as a pre-emptor, in trust for plaintiff, on the ground that plaintiff had a better right thereto, and that defendant procured the patent by fraud, and through mistake and misconception of the law on the part of the officers of the land department of the government.

That a patent may be attacked in this way, and such relief be had in a proper case, has been held in very many cases. (*Bludworth* v. *Lake*, 33 Cal. 256; *Eversdon* v. *Mayhew*, 65 Cal. 163; *Hosmer* v. *Wallace*, 47 Cal. 461; *Rutledge* v. *Murphy*, 51 Cal. 388; *Plummer* v. *Brown*, 70 Cal. 544; *Sanford* v. *Sanford*, 13 Pac. Rep. 602; *Johnson* v. *Towsley*, 13 Wall. 72; *Moore* v. *Robbins*, 96 U. S. 530; *Smelting Co.* v. *Kemp*, 104 U. S. 636.) And such a ruling is in accord with section 2224 of the Civil Code.

But in such a case it is not enough to show that the defendant was not entitled to have received the patent. Plaintiff must also show that she herself occupies such a *status* towards the property as entitles her to control the legal title. (*Plummer* v. *Brown*, 70 Cal. 544.) If she claims priority of right to become the purchaser, and to receive the patent, it is not enough to allege that she had or has such right, for that is a mere conclusion of law; but she must show the state of facts which gave her the right, and also the facts showing that she took the legal steps to avail herself of such right. (*Aurrecoechea* v. *Sinclair*, 60 Cal. 532.)

The allegations of the complaint tending to show that the defendant was not entitled to pre-empt the land, that the same was not at the time subject to pre-emption, and that he was not entitled to have or receive the patent are, in our judgment, sufficient to constitute a cause of action in that behalf, and to put the defendant to his defense, so far as that branch of the case is concerned; but they show the legal title to be vested in the defendant, and before he can be called upon to defend that title against the plaintiff's allegations of fraud, or be adjudged to hold it in trust for plaintiff, she must show a better right to have received the patent. She cannot recover on the weakness of defendant's right alone, but must do so on the strength of her own.

On this branch of the case the complaint sets out a series of facts tending to show that at the time of the filing of the township plat the plaintiff had a priority of right to purchase the lands in question, under the act of July 23, 1866, to settle land titles in California, on the ground that she was a *bona fide* purchaser, and in possession, under a Mexican grant from which her lands had been excluded under the final survey; but the complaint failed to show the subsequent acts on her part necessary to preserve her right, and on the hearing she abandons all claim of right on that ground.

But as the basis of her right to attack the defendant's patent, upon which she now relies, plaintiff avers that on the 8th of October, 1878, one Laney and one Parks were each entitled to an additional homestead entry, under the laws of the United States, and each made application to the register of the proper land-office to locate portions of the land in question, accompanying their said applications with proofs that the lands were non-mineral, and paying to the register the fees and charges required by law for the entry, which applications were refused by the commissioner of the general land-office; that afterwards, and on the 5th of April, 1879, they respectively renewed their applications, and were again refused; that afterwards, and on the 27th of August, 1880, Laney again renewed his application as to a part of the lands, and again was refused; that on the 8th of September, 1880, one Holly was entitled to an additional homestead entry, and applied to the register of the land-office to locate a portion of the lands, accompanying his application with proof that the land was non-mineral, and paying the fees of office for such entry, but his application was refused. The complaint avers that at the time of each of said applications there was no valid adverse claim to the land. The complaint fails to state upon what ground the original applications of Laney and Parks were rejected, but there is no difficulty in determining, from the facts alleged, the ground upon which such rejection was based. The township plat of the lands had then just been returned by the surveyor-general to the district land-office, but it had not been finally approved by the land department; and, shortly after, such application was withdrawn, and was not finally filed, and did not become an authenticated public record until the 5th of February, 1879, four months after the making of such application. The lands were not, therefore, at the time of such application, open to entry or to selection under the additional homestead law. Mean-

time, the lands were not in possession of the applicants, — they never attempted to take possession of them, — but, as shown by the complaint, they were in part within the exterior boundaries of inclosures of plaintiff, and in part within the exterior boundaries of inclosures of one Brackett, and when the plat was finally approved and filed they were a part of the public domain, inclosed as aforesaid, in common with other lands held by the owners of the respective inclosures. It does not appear that either of the persons so having the lands inclosed ever filed a petition in the land-office, or any paper, claiming a right of priority of entry or purchase, under the act of 1866, or put the government upon any notice that they were in possession, or claimed to be purchasers, under a Mexican grant from the final survey of which they had been excluded.

The applications of Laney and Parks, made April 5, 1879, are not shown, as in all the other cases, to have been accompanied by any of the proofs required by law as to the character of the land, and presumptively were not so accompanied. It is probably for this cause that they were then rejected, the complaint failing to state what, if any, reason was given for this rejection.

All the applications made by Laney, Parks, and Holly, in 1880, the complaint shows, were rejected because the defendant had acquired the right of pre-emption of the lands; and it further appears, from the complaint, that defendant had filed his declaratory statement as a pre-emptor as early as April 18, 1879, and was then in possession of a portion of the demanded and pre-empted premises, which had before that time been included within the inclosures of Brackett. It does not appear that Brackett ever objected to defendant's entry or possession. Neither does it appear that the applicants for homestead entry, or either of them, ever appealed to the commissioner of the general land-office from the order of the register and receiver rejecting their applications, or

took any proceedings whatever to secure the approval of their applications, or contest the right of the defendant. On the contrary, the rejection seems to have been accepted as final, and they and their successor in interest remained silent and passive until the defendant had proved up, paid for his land, and secured his patent.

Plaintiff further alleges that these several applications to make additional homestead entries were made for her benefit, with her assent, and by her procurement, and that for a valuable consideration she has become the owner of all the right, title, and interest of the said applicants, and of the said Brackett, in the lands described in the complaint. Concede all this to be true, the complaint fails to show that they, or either of them, ever had any right, title, or interest in the lands to convey. Neither naked possession of the public domain, nor a rejected application for leave to enter it, under whatever law it may be made, if acquiesced in, as was done in this case, so far as appears from the complaint, will give any such right or title as will enable the party successfully to attack a patent issued by the government to another. Assuming that these additional soldiers' homestead entries might under the law be made in the name of the soldier, at the instigation and for the benefit of a third party (a matter, however, upon which we do not pass), and having been made and approved, might thereafter be alienated before patent, as was held in *Rose* v. *Wood and Lumber Company*, 73 Cal. 385, cited by appellant, it does not help the plaintiff in this case at all; for here the entry was not made, and no right was acquired by a mere application, abandoned at the first adverse decision.

From these views it appears that the plaintiff has failed to show any right in the premises which entitles her to attack the defendant's patent, and therefore has failed to state in her complaint facts sufficient to constitute a

cause of action.   The demurrer to her complaint was properly sustained.

The complaint in this case had already been once amended.   The demurrer was sustained, without leave to amend.   At the conclusion of the oral argument upon the hearing here in Bank, it was suggested that this was error, and that the court below should have given the plaintiff leave again to amend.

The privilege of amending, after trial of the issue of law raised by demurrer, is not one of right, but one resting in the discretion of the trial court.   (Code Civ. Proc., sec. 472.)   If the plaintiff desired again to amend, she should have applied to the court below, and if refused, exception should have been taken.   It is too late to make the point for the first time in this court, when nothing appears on the record to show an abuse of discretion.

Judgment affirmed.

McFARLAND, J., PATERSON, J., SHARPSTEIN, J., and THORNTON, J., concurred.