[Civ. No. 2234.   Second Appellate District.—May 4, 1917.]

# ANDREW J. ELLIOTT, Respondent, v. EARL E. ROBBINS, Appellant.

Public Lands—Recovery of Possession—Adverse Decision of Land Department—Attack for Extrinsic Fraud.—Where in an action to recover the possession of public land based upon a certificate of entry issued by the register and receiver of the land office, the defendant in addition to alleging adverse possession at the date of the inception of the claim upon which the plaintiff's certificate of entry was founded, alleged a contest between them and a determination therein adverse to the defendant, he cannot attack the decision of the Land Department upon the ground that the plaintiff testified falsely in such contest.

Id.—Adverse Possession—Primary Evidence of Ownership Overcome.—While a certificate of purchase and of location of public lands is primary evidence that the holder or assignee of such certificate is the owner of the land described therein, this evidence may be overcome by proof that at the time of the location, or time of filing a pre-emption claim on which the certificate may have been issued, the land was in the adverse possession of the adverse party, or those under whom he claims.

Id.—Decisions of Land Department—Effect of.—The decisions of the officers of the Land Department on questions of fact upon evidence tending to prove the same, are conclusive upon third persons, at least in the absence of fraud or imposition practiced upon them. And if fraud is practiced upon them, their rulings may be reviewed and annulled by the courts when a controversy arises between private parties affected by their decisions.

Id.—Attack upon Land Decision for Fraud—Rules Governing.—Where a decision made by the officers of the Land Department in a contest of conflicting claims concerning land entries is attacked upon the ground of alleged fraud in obtaining the same, the right to make such attack is governed by the same principles which control in testing the validity of the ordinary judgments of courts.

APPEAL from a judgment of the Superior Court of Imperial County.   Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Noel & Sorensen, for Appellant.

Conkling & Brown, for Respondent.

CONREY, P. J.—This is an action to recover possession of public land the legal title to which is vested in the United States of America. The defendant appeals from the judgment, which was entered pursuant to an order granting the plaintiff's motion for judgment on the pleadings.

The plaintiff relies upon a certificate of entry issued by the register and receiver of the United States land office at Los Angeles, California, upon the application of plaintiff to make desert land entry for the land described in the complaint. The answer admitted the issuance of the certificate of entry, but alleged adverse possession by the defendant of the land at date of the inception of the claim upon which plaintiff's certificate of entry was founded, and at all times since under claim of right by the defendant to make homestead entry for said land, and alleged compliance by defendant with all of the requirements of the homestead laws of the United States. Counsel for respondent admit that if this had been the entire answer, the defense might have been sufficient. While a certificate of purchase and of location of public lands is primary evidence that the holder or assignee of such certificate is the owner of the land described therein, this evidence may be overcome by proof that "at the time of the location, or time of filing a pre-emption claim on which the certificate may have been issued, the land was in the adverse possession of the adverse party, or those under whom he claims." (Code Civ. Proc., sec. 1925; *Haven* v. *Haws*, 63 Cal. 452.) It follows that when the defendant stated in his answer that he was in adverse possession of the land at the times stated, such answer constituted a defense to the plaintiff's alleged cause of action.

But the answer alleged further facts as follows: That at a time prior to the commencement of this action, the defendant had offered and attempted to make a homestead application upon said land; that the plaintiff also filed an application to enter said land pursuant to an alleged claim of preferenced right of entry thereon as successful contestant in certain contests against the desert land entries of certain other persons, and that in making his application, plaintiff alleged that the land described in his said application was formerly embraced within said successfully contested entries; that at a hearing had before the register and receiver of the United States district land office at Los Angeles to determine the respective

rights of entry of the plaintiff herein and this defendant, "the plaintiff herein testified falsely as to the location of the land described in the said contested entry, and that said false testimony was so given by said plaintiff herein with intent to deceive the register and receiver of said land office, and that as a result of the fraud and deceit so practiced upon them, the said officials of said land office, relying upon said false testimony so given with intent to deceive them, held and decided that the land described in plaintiff's complaint herein was formerly embraced in said contested entry, and that the said plaintiff herein as successful contestant was entitled to exercise a preferenced right of entry for said land; that the land described in the complaint herein was not embraced in said contested desert land entry, nor in either of them, and but for the false testimony given by the plaintiff herein at the hearing above mentioned the officials of the United States land office would not have held that said land, or any part thereof, was embraced within either of said contested entries and would not have held that the plaintiff herein was entitled to exercise any preferenced right of entry, or any right of entry, for said land."

It is a well-established proposition that the decisions of the officers of the Land Department on questions of fact upon evidence tending to prove the same, are conclusive upon third persons, at least in the absence of fraud or imposition practiced upon them. And if fraud is practiced upon them, their rulings may be reviewed and annulled by the courts when a controversy arises between private parties affected by their decisions. (*Sanders* v. *Dutcher,* 168 Cal. 353, 357, [143 Pac. 599]; *Shepley* v. *Cowan,* 91 U. S. 330, 340, [23 L. Ed. 424, 428]; *Marquez* v. *Frisbie,* 101 U. S. 473, 476, [25 L. Ed. 800].) But where a decision made by the officers of the Land Department in a contest of conflicting claims concerning land entries is attacked upon the ground of alleged fraud in obtaining the same, the right to make such attack is governed by the same principles which control in testing the validity of the ordinary judgments of courts. Those principles are thoroughly settled. "Even granting that the decree in *Marceau* v. *Fiske* was based upon Mrs. Marceau's false testimony, it may not be set aside in this action for that reason. There was no extrinsic fraud by which the unsuccessful litigants in that case were prevented from having a fair submission of the controversy.

True the plaintiff swore falsely, but where a trial of issues in any case is had, the parties must be prepared to meet and to expose perjury then and there. . . . Therefore, we must hold that we may not upon the ground of such fraud nullify the effect of that judgment.'' (*Fresno Estate Co.* v. *Fiske,* 172 Cal. 583, 593, [157 Pac. 1127, 1131], and decisions there cited; *United States* v. *Throckmorton,* 98 U. S. 61, [25 L. Ed. 93]; *Nicholson* v. *Leatham,* 28 Cal. App. 597, 603, [153 Pac. 965, 155 Pac. 98].

In the present case it appears by the allegations of the defendant's answer that in a contest between the plaintiff and the defendant before a competent tribunal, the claim of respondent Elliott of right to enter upon this land was sustained, and that the certificate of entry upon which the plaintiff relies was issued pursuant to that judgment. The defendant alleges that the decision was obtained by fraud and deceit, but the fraud and deceit described by his answer are exclusively of a kind which, under the decisions above mentioned, do not authorize the court to set aside or disregard the land office decision. For the purposes of the motion for judgment on the pleadings, the plaintiff is deemed to have admitted the truth of all the allegations of the defendant's answer, and of course they are admitted and affirmed by the defendant. The case thus exhibited to the court was sufficient to establish the plaintiff's right to recover possession of said land.

The judgment is affirmed.

James, J., and Works, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 2, 1917.