[Civ. Nos. 2535, 2536.   First Appellate District.—September 23, 1918.]

## BENJAMIN BOND, Appellant, v. AUGUSTA E. WALTERS, Respondent.

## VERA MULLER, Appellant, v. AUGUSTA E. WALTERS, Respondent.

PUBLIC LANDS—ACTION TO DECLARE TRUST AGAINST PATENTEE—PLEADINGS AND PROOF.—In an action to obtain a decree that persons who have received and hold United States patents to land hold the same in trust for another who claims to be the true owner, facts must be distinctly alleged and proven, showing that the plaintiff is entitled to the relief sought, that he occupies such a status as entitles him to control the legal title, and that the officers who awarded the title to another were imposed upon and deceived by the fraudulent practices of him, in whose favor the judgment was given.

ID.—INSUFFICIENT COMPLAINT.—In this action to obtain such a decree, where the complaint alleged, among other things, a contest between plaintiff and defendant before the land office and a hearing before the land department, in which the decision of the register and receiver was filed, holding that the defendant in the instant action had the legal title to the land, an affirmance of that action on appeal to the general land office, an affirmance again on appeal to the Secretary of the Interior, under whose decision the homestead entry of the plaintiff was canceled, because of the prior right of defendant to the lands and patent was issued to the defendant, such complaint was insufficient, in the absence of any allegation

showing that the plaintiff in his contest before the land department had introduced any evidence that he had complied with the rules and regulations of the department entitling him to the land in question, and there being also no allegation of any fraud or misrepresentation practiced by the defendant.

ID.—DECISIONS OF LAND DEPARTMENT—REVIEW.—The decisions of the land department upon questions of fact, in the absence of a showing that they were procured by fraud or imposition, are not subject to review by the courts.

APPEAL from a judgment of the Superior Court of Mendocino County. J. Q. White, Judge.

The facts are stated in the opinion of the court.

Charles Kasch, for Appellant.

Preston & Preston, for Respondent.

LENNON, P. J.—These suits were brought to have a trust declared in certain lands. The complaints are identical in every respect except the names of the plaintiffs and the description of the real property involved; and from a stipulation contained in the transcript it appears that it is agreed that the decision in one case shall be determinative of the other.

Plaintiffs have appealed from the judgment of dismissal entered by the trial court after the entry of the default of the plaintiffs, which in each instance was for failure on their part to amend the complaint after the sustaining of general demurrers to the same.

In the complaint in the Bond case plaintiff seeks to obtain a decree, adjudging that the defendant, to whom a United States patent for the lands described in the complaint was issued, holds the title to such land in trust for the plaintiff, and prays for a decree directing the defendant to execute a proper conveyance to him of the land in question.

While it is true that courts of equity will entertain proceedings to decree that persons who have received and hold patents to land hold the same in trust for the true owner, a plaintiff in such action must show by his complaint that he is entitled to the relief sought; that he occupies such a status as entitles him to control the legal title; that the officers who awarded the land to another, to whom the title was issued pursuant to the judgment, were imposed upon and deceived

by the fraudulent practices of him in whose favor the judgment was given. Such facts must be distinctly alleged and proven (*Kentfield* v. *Hayes,* 57 Cal. 409; *Aurreocoechea* v. *Sinclair,* 60 Cal. 532). No such allegations are here presented. The complaint alleges, among other things, that in a contest for the lands between plaintiff and defendant filed before the land office, and at a hearing had before the Land Department, the register and receiver of the United States land office filed their decision, holding that the defendant herein had the legal title to the land in question; that after the entry of such opinion plaintiff appealed to the general land office, where the action of the register and receiver was affirmed; that thereafter the plaintiff appealed to the Secretary of the Interior, where such action was again affirmed, and the homestead entry of plaintiff was canceled as to the lands in question because of the prior right of defendant thereto and a patent issued to her. As pointed out by defendant, there is no allegation in the complaint that plaintiff in his contest before the Land Department introduced any evidence whatever showing that he had complied with the rules and regulations of the Department of the Interior entitling him to the lands in question but for the adverse claim and contest instituted by the defendant. Nor does the plaintiff in his complaint claim that defendant practiced any fraud or misrepresentation on the government in her contest nor in any of the proceedings had by her in obtaining the patent to the lands in question. The allegation that defendant was not entitled to receive the land does not suffice. Plaintiff must go further and show that he occupied such a status as entitled him to control the legal title (*Jameson* v. *James,* 155 Cal. 275, [100 Pac. 700]). And mere conclusions on his part to this effect are insufficient for this purpose.

The decisions of the Land Department, in the absence of such showing, upon questions of fact, are not subject to review by the courts (*Powers* v. *Leith,* 53 Cal. 711; *Elliott* v. *Robbins,* 33 Cal. App. 577, [165 Pac. 1042].)

The judgment in each case is affirmed.

Beasly, J., *pro tem.,* and Sturtevant, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 21, 1918.