[Civil No. 3275.  Filed June 20, 1933.]

[22 Pac. (2d) 1083.]

ONEKAMA REALTY COMPANY, a Corporation, Appellant, v. GEORGE S. WILSON and JANE DOE WILSON, His Wife, Appellees.

Mr. Louis G. Hummel, for Appellant.

Mr. Harold Baxter, for Appellees.

ROSS, C. J.—This is a suit by Onekama Realty Company, a corporation, to impress a trust in its favor upon George S. Wilson's title as patentee from the government of the E. ½ E. ½ and W. ½ E. ½

of section 13, township 10 south, range 14 east, Pinal county, Arizona. To the first complaint a demurrer was sustained. Thereafter plaintiff filed an amended complaint which upon motion of defendants was stricken. Plaintiff having failed to further amend, the defendants moved the court to enter an order in their favor dismissing the cause, said motion being "based upon the pleadings and proceedings filed herein." On the day noticed for the hearing thereon, the court granted said motion and dismissed the plaintiff's complaint. Plaintiff has appealed.

While the plaintiff's assignments are directed to the orders of the court sustaining the demurrer to the original complaint and the striking from the files of his amended complaint, it seems to us the vital question is as to whether the court was justified in entering its judgment in favor of the defendants upon the pleadings.

It is alleged in the complaint that plaintiff's predecessors in interest, on or about January 1, 1915, having discovered valuable deposits of gold thereon, located the E. ½ E. ½ of said section as the Gold Channel and the W. ½ E. ½ as the Gold Channel No. 8 placer mining claims, and duly recorded these locations in Book 28 of Mines at pages 419 and 426, respectively, in the recorder's office of Pinal county; that through mesne conveyances the plaintiff, on September 12, 1930, became and is now the owner of said claims; that there has been expended upon them and certain contiguous claims constituting a group the sum of $19,000 in work and improvements; that the plaintiff and its predecessors in title have been, in good faith, in the exclusive possession of said mining claims under the mining laws of the United States ever since January 1, 1915, and that by reason thereof, and the work and improvements placed thereon, the said premises were segregated from the public domain.

That the defendant George S. Wilson, on May 10, 1926, with full knowledge of the foregoing facts, unlawfully, violently, and forcibly entered into the possession of said premises and filed the following false and fraudulent application, in the United States land office, at Phoenix, Arizona.

"Additional Stock-Raising-Homestead Entry. . . .

"I, George S. Wilson, of Oracle, Arizona, do hereby apply to enter under the act of December 29, 1916 (Public No. 290, 64th Congress), subject to the reservation to the United States of all coal and other minerals in the land, together with the right to prospect for, mine, and remove the same E½ Section 13, Township 10 S., Range 14 E., G. & S. R. B. & Meridian, containing 320 acres, as additional to my Homestead Entry, No. 041201–025279'' etc.

"I further state that the land applied for is not occupied and improved by any Indian, that no part of said land is claimed, occupied or being worked under the mining laws; that said land is unoccupied and unappropriated by any person claiming the same under the public land laws other than myself; that the land now applied for and that embraced in my original entry above described do not contain merchantable timber and no timber except a little mesquite and catsclaw; is not susceptible of irrigation from any known source of water supply except the following areas; that some years a little creek runs through the center of the land in which occasionally there is a little water, and does not contain any water hole or other body of water needed or used by the public for watering purposes; that the said land is chiefly valuable for grazing and raising forage crops. That no part of said land is claimed, occupied or being worked under the mining laws''—

with the intent and purpose of deceiving the land officers, and who were in fact deceived thereby; that thereafter, in November, 1926, said defendant George S. Wilson submitted his final proof and received a patent for said premises; that in said final proof he falsely represented that no part thereof was occupied

or worked under the mining laws of the United States, and that there was thereon no water hole or other body of water, whereas he well knew of plaintiff's mining claims and that a stream of water flowed over said land for six months of the year, and was used successfully in irrigation and raising of crops, and that a spring was located thereon.

The plaintiff's prayer is that George S. Wilson and Jane Doe Wilson, his wife, be declared to hold in trust for plaintiff the title to said premises, and that they be directed to execute and deliver a proper conveyance of the premises to plaintiff, etc.

The defendants' answer consists of a demurrer and general denials, and a separate affirmative defense as follows: It is alleged that plaintiff's immediate predecessor in interest, Frank Conrow, through his attorney-in-fact, filed in the United States land office, at Phoenix, Arizona, a protest against defendant George S. Wilson's entry of said premises; that a hearing upon the question as to the mineral character of the land was had before the register of the general land office and that thereafter said register decided that the land was nonmineral in character and that the alleged mining claims were invalid; that an appeal thereafter was taken to the commissioner of the general land office by plaintiff's predecessor, and that upon the hearing thereon the commissioner held that the entryman, George S. Wilson, had not shown that said mining claims were invalid; that thereafter an appeal was taken to the Secretary of the Interior and on March 20, 1930, the Secretary held that:

"As to the entire area involved, the entryman adduced evidence that clearly shows that at the date of his entry no valuable deposits of gold has been discovered and that the mineral claimants were not in actual possession seeking to discover such deposits. This evidence was not overcome by any offered by the mineral claimants. The Government offered no evidence to prove its charges. No valid appropriation

of the land had theretofore been made under the mining law; consequently, the land was subject to appropriation under the stock raising homestead act."

Thereafter the mining claimant made his motion for a rehearing of the decision of the Secretary, and on May 15, 1930, the Secretary denied such motion.

The determination of the land department as to the character of the land was final and conclusive as between the parties to the contest and their privies. *Jeffords* v. *Hine,* 2 Ariz. 162, 11 Pac. 351. In matters passed upon by the land department, and which are open for review by the courts, the findings of fact made by the department are final, and will not be reviewed by the courts in the absence of fraud, imposition or mistake. The cases supporting this proposition are almost without number. See U. S. C. A., title 43, Public Lands, p. 15, § 2, and note 37. In *Bond* v. *Walters,* 38 Cal. App. 245, 175 Pac. 909, it is said:

"While it is true that courts of equity will entertain proceedings to decree that persons who have received and hold patents to land hold the same in trust for the true owner, a plaintiff in such action must show by his complaint that he is entitled to the relief sought; that he occupies such a status as entitles him to control the legal title; that the officers who awarded the land to another; to whom the title was issued pursuant to the judgment, were imposed upon and deceived by the fraudulent practices of him in whose favor the judgment was given. Such facts must be distinctly alleged and proven."

Even though we treat the complaint as stating a cause of action, taken alone, when considered in connection with the defendants' answer, it appears conclusively that the question of the character of the land has been tried in the forum designated by law and decided against plaintiff, and that the present effort is to have the court review the land department's decision on questions of fact.

However, it seems to us the complaint is fatally defective. While it alleges that the locators discovered valuable deposits of gold in 1915, there is no allegation that any gold has ever been taken from the locations, or that it exists in sufficient quantities to justify the cost of extraction. It seems that if the ground was valuable for mineral, the claimants thereof should have been able to demonstrate the fact during the period of more than ten years, and would have so stated in their complaint. Nor does it appear what part, if any, of the $19,000 claimed to have been expended in work and improvements on the group of claims was devoted to the ground in question. It alleges the entryman's application was false and fraudulent, but wherein is not pointed out; that it was intended to and did deceive the land officers. Like allegations are made with reference to the final proof. But these are all more or less general conclusions of the party. It is said, "Mere general allegation of fraud and misrepresentations will not suffice." *Plummer* v. *Brown,* 70 Cal. 544, 12 Pac. 464.

Another thing, the complaint completely ignores the proceedings and determination of the land office. We think it essential that the plaintiff should have shown in its complaint the proceedings had before the land office, or that such proceedings were had without the knowledge of it or its predecessors in interest.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.